GLENN CARR, BY HIS NEXT FRIEND, HUEY FRANK CARR v. LEXTON O'NEIL STEWART AND LESSIE HONEYCUTT STEWART.

(Filed 2 March, 1960.)

**1. Automobiles § 17—**

A vehicle first reaching an intersection which has no stop sign or traffic control signal in operation has the right of way over a vehicle subsequently reaching the intersection, regardless of whether the first vehicle is going straight through the intersection or turning thereat. G.S. 20-155(b).

**2. Automobiles § 41g—**

Plaintiff's testimony to the effect that, in approaching an intersection, he looked both ways, saw no traffic approaching, and entered the intersection at 10 miles per hour, and that after his front wheels had cleared the intersection, defendant's vehicle, approaching the intersection from plaintiff's right, struck plaintiff's vehicle with such force as to render it "a total loss," together with testimony of a witness that plaintiff's car entered the intersection first, *is held* sufficient to be submitted to the jury on the issue of defendant's negligence, and not to justify nonsuit as a matter of law for contributory negligence.

APPEAL by plaintiff from *Stevens, J.,* September Civil Term, 1959, of SAMPSON.

This is an action instituted by the plaintiff, by his next friend, to recover for personal injuries and property damages sustained in a collision between his 1950 Chevrolet automobile and an automobile owned by Lessie Honeycutt Stewart and operated at the time with his permission by his son, Lexton O'Neil Stewart, allegedly in an

unlawful and negligent manner. The collision occurred on 10 September 1958 at approximately 1:00 o'clock p.m. at the intersection of Faison and McKoy Streets in the City of Clinton. The plaintiff was driving his car in an easterly direction along Faison Street. The legal speed limit on Faison Street was 35 miles per hour, and on McKoy Street 20 miles per hour, it being a business street and also Highway No. 421.

The evidence of the plaintiff tends to show that as he approached the intersection of Faison and McKoy Streets. he reduced the speed of his automobile to about 10 miles per hour, and immediately prior to crossing the intersection he looked in both directions and seeing no one approaching from either direction, started across the intersection. The signal or traffic control light at this intersection was not functioning at the time of the collision. There was no stop sign or signal at the intersection except the nonfunctioning traffic control signal.

The plaintiff testified, "I saw no traffic approaching from either way when I got to the curb line. I never did see the car driven by the defendant before it struck me. * * * To the best of my recollection, I know I got my two front wheels across the other side of the curb, that being the other side of the street, the eastern side, where the sidewalk was running, and I know I got my two front wheels at the sidewalk."

On cross-examination this witness testified, "I looked out to see if I could get across and I didn't see anybody coming and I looked good." On redirect examination the plaintiff testified, "I was in the intersection before the other boy was."

The investigating officer testified, "The front wheels of the Glenn Carr vehicle were through the intersection and it had been struck about center-ways by the automobile driven by Stewart." This officer further testified that both streets were 24 feet wide and that the plaintiff's car was damaged to such an extent "it was determined to be a total loss."

Mrs. Frances O'Neil, an eyewitness to the accident, testified for the plaintiff as follows: " * * * the car (plaintiff's car) was coming up from here and he just about got through the intersection when this car (defendant's car) hit him. * * * I would say that he was practically all the way through the intersection when he was struck by the other car, and that the plaintiff's car entered the intersection first."

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit. The motion was allowed and judgment entered accordingly. The plaintiff appeals, assigning error.

*Chesnutt & Chambliss for plaintiff.*
*Butler, Butler & Lee for defendant.*

DENNY, J. In our opinion, the plaintiff's testimony when considerd in the light most favorable to him is sufficient to carry the case to the jury. The issues of negligence and contributory negligence raised by the pleadings present questions to be resolved by a jury and not by the court.

In the case of *S. v. Hill*, 233 N.C. 61, 62 S.E. 2d 532, *Ervin, J.,* speaking for the Court, said: "When the driver of a motor vehicle on the left comes to an intersection and finds no one approaching it on the other street within such distance as reasonably to indicate danger of collision, he is under no obligation to stop or wait, but may proceed to use such intersection as a matter of right. * * *

"A driver having the right of way may act upon the assumption in the absence of notice to the contrary that the other motorist will recognize his right of way and grant him a free passage over the intersection. * * *"

G.S. 20-155, in pertinent part, reads as follows: "(a) When two vehicles approach or enter an intersection and/or junction at approximately the same time, the driver of the vehicle on the left shall yield the right of way to the vehicle on the right * * *. (b) The driver of a vehicle approaching but not having entered an intersection and/or junction, shall yield the right of way to a vehicle already within such intersection and/or junction whether the vehicle in the junction is proceeding straight ahead or turning in either direction * * *." Under subsection (b) of the statute the vehicle first reaching an intersection which has no stop sign or traffic signal has the right of way over a vehicle subsequently reaching it, whether the vehicle in the intersection is proceeding straight ahead or turning in either direction; and it is the duty of the driver of the vehicle not having entered the intersection to delay his progress and allow the vehicle which first entered the intersection to pass in safety. *Downs v. Odom,* 250 N.C. 81, 108 S.E. 2d 65; *Donlop v. Snyder,* 234 N.C. 627, 68 S.E. 2d 316; *Kennedy v. Smith,* 226 N.C. 514, 39 S.E. 2d 380; *Crone v. Fisher,* 223 N.C. 635, 27 S.E. 2d 642; *Yellow Cab Co. v. Sanders,* 223 N.C. 626, 27 S.E. 2d 631.

In the case of *Donlop v. Snyder, supra,* the Court said: "Here, the defendant's argument seems to be grounded on the assumption that this evidence conclusively shows the two cars approached the intersection at approximately the same time. Such does not appear. The evidence does not give the defendant's car any fixed location. The

plaintiff said he looked and did not see the defendant's car. It is simply negative evidence. While this testimony may support the inference that the two cars approached the intersection 'at approximately the same time,' with equal logic it supports the inference that the defendant's car was at a point relatively remote from the intersection when the plaintiff looked. He said he could see up the street about a block. That the defendant was some considerable distance up the street when the plaintiff said he stopped and looked is supported by the physical evidence at the scene of the wreck tending to show that the defendant was driving at a high rate of speed; whereas the plaintiff said he moved through the intersection in second gear and was hit as he was emerging on the far side."

The plaintiff's evidence in the instant case tends to show that he entered the intersection first. Hence, in our opinion, he is entitled to have his case heard by a jury on appropriate issues, and we so hold.

The judgment of the court below is

Reversed.