KELLER v. MILLS, INC.

LYDIA B. KELLER, ADMINISTRATRIX OF THE ESTATE OF EDWARD C. KELLER, DECEASED v. SECURITY MILLS OF GREENSBORO, INC., AND BANKS H. KENNEDY.

(Filed 27 November 1963.)

1. Automobiles § 25—

The fact that the speed of a vehicle is lower than that fixed by statute does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, or when hazard exists with respect to weather or highway conditions, and speed shall be reduced as may be necessary to avoid colliding with any vehicle on the highway. G.S. 20-141(c).

2. Automobiles § 41a—

Testimony and the physical facts at the scene of an accident which are sufficient for the jury to infer that defendant was traveling at excessive speed under the circumstances in driving on a wet street entering an intersection, that he attempted to turn right and was unable to control his vehicle so that it struck the side of a vehicle stopped on the intersecting street in obedience to the traffic control signal, *held* sufficient to be submitted to the jury on the issue of defendant's negligence.

3. Appeal and Error § 34—

Objection that appellant, instead of reducing the testimony to narrative form, merely gave conclusions as to the meaning of the testimony, should ordinarily be presented by countercase or exceptions to the case on appeal, and the appeal will not be dismissed under Rule 19(4) unless the narration of the evidence is fatally defective.

APPEAL by plaintiff from *Armstrong, J.,* April 1, 1963, Session of GUILFORD (Greensboro Division).

*Clarence C. Boyan for plaintiff.*
*Sapp & Sapp for defendants.*

MOORE, J. The administratrix of Rev. Edward C. Keller, deceased, brings this action to recover for his wrongful death. He was injured 23 August 1960, about 6:00 P.M., when the truck of the corporate defendant collided with the automobile he was driving. From these injuries he died at 8:30 the same evening.

At the close of plaintiff's evidence the court sustained defendants' motion for nonsuit. Plaintiff contends that the evidence makes out a *prima facie* case of actionable negligence.

The collision occurred at the intersection of East Cumberland and Sampson Streets in the City of Dunn. Cumberland Street runs generally east and west; Sampson Street runs north and south. The intersection is in a residential district, and the speed limit in this vicinity is

35 miles per hour. Traffic at the intersection "was controlled by two electric traffic devices commonly known as stop lights, duly installed and operated under the authority of the State Highway Commission." The streets are paved. On the day in question it had been raining and the streets were wet. It was drizzling at the time of the accident. The corporate defendant's truck was being operated by individual defendant, in the course and about the business of his employment by corporate defendant.

Witnesses, including a police officer, who went to the scene immediately after the accident testified to the following facts. The vehicles were at or near the southwest corner of the intersection. Keller's car was near the south edge of Cumberland Street facing southeast; the front of his car was about even with the west edge of the intersection. Keller was lying in the street, his head against the curb. The front of the truck was rammed into the left side of the car. The vehicles were about perpendicular to each other; the truck faced southwest. When the truck was moved the door of the car came off on the bumper of the truck. The car was practically demolished. (It was stipulated that the car was worth $435 before the accident, $85 immediately after.) The only dirt and debris, consisting of the rear-view mirror and moulding from Keller's car, found at the scene were under the vehicles before they were moved.

Julia Smith, who lives on Cumberland Street west of the intersection, was standing on her porch. About 6:00 P.M. she saw Rev. Keller, who was known to her, drive by on Cumberland Street headed east in his proper lane of travel. She heard the noise of the impact but did not see the vehicles at the time of the collision.

Rev. Samuel Dias was at Julia Smith's home on her porch. He saw the Keller car pass. It was the only car on the street. He heard the noise of the impact and went to the scene. The car involved in the wreck was the one he had seen pass the Smith home.

Lila Thaggard testified as follows: I live on the west side of Sampson Street about one-half block north of Cumberland Street. "I saw the collision and it happened around 6 o'clock in the afternoon. I was standing in my door there on Sampson Street and this truck, it came from the north coming east on Broad Street (the next street to the north of and parallel to Cumberland) and it turned off Broad Street into Sampson Street, and it was coming so fast that I looked behind him to see who was after him, and when he stopped, he was kind of curved like as if he was going west and he hit this car. The truck curved like he was going west at the intersection of Cumberland Street.

The automobile I learned later was driven by Rev. Keller and was on Cumberland Street headed east. I . . . went up to the scene . . . ."

Plaintiff alleges, *inter alia*, that the driver of the truck failed to keep a proper lookout, failed to keep the truck under reasonable control, failed to decrease speed in approaching and crossing the intersection [G.S. 20-141(c)], and operated the truck at a speed greater than was reasonable and prudent under the conditions then existing [G.S. 20-141(a)].

The fact that the speed of a vehicle is lower than that fixed by statute does not relieve the driver from the duty to decrease speed when approaching and crossing an intersection, or when hazard exists with respect to weather or highway conditions, and speed shall be reduced as may be necessary to avoid colliding with any vehicle on the highway. G.S. 20-141(c); *Primm v. King*, 249 N.C. 228, 106 S.E. 2d 223. The physical facts at the scene of an accident may disclose that the operator of the vehicle was traveling at excessive speed. *Carr v. Stewart*, 252 N.C. 118, 113 S.E. 2d 18; *Riggs v. Motor Lines*, 233 N.C. 160, 63 S.E. 2d 197.

From the evidence adduced, it is permissible, but not compulsory, that a jury conclude that Keller had stopped before entering the intersection or was approaching and had not reached the intersection, that it was raining and the pavement was wet, that the driver of the truck attempted to turn west into Cumberland Street and his speed was such that he could not control the truck, and that by reason of excessive speed, loss of control or inattention he ran into the Keller automobile, demolished it and inflicted fatal injuries upon Keller.

The court erred in sustaining defendants' motion for nonsuit.

Defendants move in this Court to dismiss the appeal for non-compliance with rule 19(4) of the Rules of Practice in the Supreme Court, 254 N.C. 800. The rule provides, in part, that "The evidence in case on appeal shall be in narrative form, and not by question and answer . . . ." The primary purpose of the rule is to save the time of the Court in reviewing the evidence and to reduce printing costs. It is observed that none of the evidence in the present case on appeal is in question and answer form, except in one instance where defendants objected to a question and answer. Defendants do not contend that the case on appeal presents the evidence by question and answer; they contend that the evidence in the record consists of "The Conclusions of plaintiff appellant as to the meaning of the testimony and not constituting a reduction to narrative of the testimony itself." Most of the evidence in the record appears to be a narrative of the testimony of the witnesses stated in the first person, a portion in the third person.

Testimony relating to pictures, offered as exhibits, is in the third person, and indeed may be short-hand explanations. It is true that the evidence is brief, and the narration is hardly a model of compliance with Rule 19 (4). However, we do not consider the narrative sufficiently defective or at variance with the rule to justify a dismissal of the appeal. Furthermore, appellee did not file a countercase or exceptions to the case on appeal, though he had an opportunity to do so. The motion to dismiss is denied.

The judgment below is

Reversed.