CORTEZ SMART v. WILLIAM HILLARD FOX.

(Filed 12 October, 1966.)

**1. Trial § 33—**

It is the duty of the trial court to explain the law and apply it to the evidence on every substantial feature of the case arising upon the evidence, even in the absence of request for special instructions.

**2. Automobiles § 25—**

The operation of a truck in excess of 45 miles per hour on a public highway in violation of G.S. 20-141(b)(3) is negligence *per se*.

**3. Automobiles §§ 41b, 46—**

Where plaintiff introduces evidence that defendant was operating his truck at a speed in excess of 45 miles per hour and swerved to his left in an attempt to avoid plaintiff's truck which was parked as far as possible on the right shoulder with some two feet on the paved portion of the highway, and that the impact was entirely between the front of defendant's truck and the left side of plaintiff's truck, *held* whether defendant's ex-

cessive speed was a proximate cause of the collision is a question for the jury, and it was error for the court to fail to charge the jury upon plaintiff's evidence of defendant's excessive speed.

APPEAL by plaintiff from *Jackson, J.*, March 7, 1966, Schedule "B" Civil Session of MECKLENBURG.

Plaintiff's action is to recover damages on account of personal injuries and property damage he sustained on May 28, 1964, about 7:30 p.m., when defendant's one and one-half ton Studebaker truck collided with plaintiff's one-half ton Chevrolet truck. The collision occurred approximately four miles south of Charlotte, N. C., on N. C. Highway # 160, a two-lane paved highway, 18-20 feet wide, having a marked center line.

Issues of negligence, contributory negligence and damages, raised by the pleadings, were submitted. The jury answered the negligence issue, "No," and the court, based on said verdict, entered judgment for defendant.

Plaintiff excepted and appealed, basing all of his assignments of error on exceptions to the charge.

*Thomas H. Wyche and J. Levonne Chambers for plaintiff appellant.*

*J. Donnell Lassiter and Kennedy, Covington, Lobdell & Hickman for defendant appellee.*

PER CURIAM. Although defendant offered evidence in sharp conflict therewith, a review of certain of plaintiff's evidence will suffice to point up the basis of decision. There was evidence which, considered in the light most favorable to plaintiff, tended to show the facts narrated below.

Plaintiff's truck was parked on the right shoulder of #160, headed north, with not more than two feet of the truck on the paved portion of the highway. The width of the shoulder was "about 4½ feet at the most," and beyond the shoulder there was "a small ditch." Plaintiff's truck had been so parked "a few minutes — three or four at the most," when the collision occurred.

Plaintiff, accompanied by two helpers, had gone to this location to pick up ten or fifteen bales of hay which, earlier that day through mishap, had fallen from another vehicle by which plaintiff was hauling hay to his farm home.

Plaintiff's truck had a flat bed, "with small sides about two feet." The tail gate was level with the bed of the truck. Plaintiff was standing on the bed of the truck. The two helpers were loading the

hay "over the side of the truck." Plaintiff was placing it at the front behind the cab.

It was "dusk dark." The motor on plaintiff's truck was running and the parking lights and left turn signal were "on." A car proceeding south had passed "probably a minute or so before the defendant came on the scene."

Defendant's vehicle, a one and one-half ton Studebaker truck pulling a "Low Boy trailer," was proceeding north on #160. Plaintiff, while standing on the bed of his truck, observed defendant's said vehicle when it was some 300 yards away. The lights on defendant's truck were "burning dim." As defendant's truck approached, there was no other traffic on the road. Defendant's truck, which was traveling "at a speed of 50 to 60 mph," approached plaintiff's truck "in one steady direction" until, about 125 feet therefrom, defendant swerved to his left. During the process of swerving to the left and putting on brakes, defendant's truck-trailer combination jackknifed.

The whole front of defendant's truck struck plaintiff's truck. The left side of plaintiff's truck was damaged, particularly the left tail light, left fender and left door. The impact was entirely between the front of defendant's truck and the left side of plaintiff's truck. The rear (tail gate) of plaintiff's truck was not hit.

The collision knocked plaintiff from the bed of his truck into the ditch along the east side of the highway.

"It is the duty of the court, without request for special instructions, to explain the law and to apply it to the evidence on all substantial features. of the case and to apply the law to the various factual situations presented by the conflicting evidence." 4 Strong, North Carolina Index (Supplement), Trial § 33; G.S. 1-180. Plaintiff, by proper exceptions and assignments of error, challenges the charge for failure, in specified respects, to comply with these requirements. Discussion is limited to a consideration of one material omission.

Under G.S. 20-141(b)(3), the maximum legal speed limit applicable to a one and one-half ton truck is 45 miles per hour. The operation of such a truck at a speed in excess of 45 miles per hour is negligence *per se. Rudd v. Stewart,* 255 N.C. 90, 98, 120 S.E. 2d 601, 607.

Plaintiff alleged and offered evidence tending to show that defendant's truck approached the point of collision at a speed of from 50 to 60 miles per hour. Without special request therefor, the court should have instructed the jury that, if they found from the evidence and by its greater weight that defendant was operating his one and one-half ton truck at a speed in excess of 45 miles per hour, such conduct would constitute negligence on the part of defendant.

Failure to so instruct the jury was prejudicial error. *Bulluck v. Long,* 256 N.C. 577, 586, 124 S.E. 2d 716, 723.

Although full consideration has been given defendant's contention that the negligence, if any, of defendant in respect of speed did not proximately cause the collision, the conclusion reached is that this question was for submission to and determination by the jury under appropriate instructions.

For the indicated error in the charge, plaintiff is entitled to a new trial.

New trial.