CARROLL A. PERKINS v. RUTH COOK, JOAN COOK CLAY AND JOAN
COOK CLAY, GUARDIAN AD LITEM FOR RUTH COOK.

(Filed 12 January, 1968.)

**1. Negligence § 26—**

Nonsuit on the ground of contributory negligence is properly granted
when plaintiff's own evidence so clearly establishes his negligence as a
proximate cause of the injury that no other conclusion is reasonably per-
missible therefrom.

**2. Trial § 21—**

On motion to nonsuit, plaintiff's evidence is to be taken in the light
most favorable to him, with all discrepancies therein to be resolved in his
favor, and giving him the benefit of every favorable inference which can
be reasonably drawn therefrom.

**3. Automobiles §§ 57, 79—**

Plaintiff's evidence tending to show that he approached an intersection
along a dominant highway, that he observed defendant's automobile ap-
proaching the intersection from a street to his left and assumed from de-
fendant's conduct that she would yield the right of way in compliance with
a traffic sign erected for the servient street, but that defendant continued
across the intersection without stopping and collided with plaintiff's ve-
hicle, *is held* sufficient to take the issue of defendant's negligence to the
jury and insufficient to establish contributory negligence on the part of
plaintiff.

**4. Automobiles § 19—**

A motorist intending to go through an intersection is entitled to assume
that all other motorists will observe traffic signs at the intersection re-
quiring them to yield the right of way.

**5. Automobiles § 105—**

Admission by a *femme* defendant that title to the car driven by the
other defendant was registered in her name is *prima facie* proof of own-
ership and that the driver was the owner's agent, G.S. 20-71.1, and the
issue is properly submitted to the jury despite testimony tending to rebut
the presumption of agency.

**6. Same—**

Where there is sufficient evidence of negligence of the operator of a
motor vehicle to be submitted to the jury on that issue, evidence that the
vehicle was registered in the name of another defendant takes the issue
of such other defendant's liability to the jury.

APPEAL by plaintiff from *Latham, S.J.,* at the Regular March
1967 Session of BURKE.

The plaintiff sues for personal injuries and property damages
sustained when the motor scooter, owned and operated by him, col-
lided with an automobile driven by Ruth Cook and alleged to have
been owned by Joan Cook Clay and maintained by her as a family
purpose car. He alleges that Ruth Cook was negligent in that she

operated the automobile without keeping a proper lookout, at a speed in excess of that which was reasonable under the circumstances, and without yielding the right of way to the plaintiff. The answer denies all allegations of negligence by Ruth Cook, denies that Mrs. Joan Cook Clay was the owner of the automobile or responsible for its operation, and pleads contributory negligence by the plaintiff in that he operated a motor scooter at a speed in excess of that which was reasonable under the circumstances, failed to keep a proper lookout, failed to apply his brakes and failed to yield the right of way.

At the conclusion of the plaintiff's evidence, a motion by the defendant for judgment of nonsuit was allowed. From the entry of such judgment the plaintiff appeals, this being the only assignment of error.

The evidence is that the collision occurred at a five-point intersection in the City of Morganton. The plaintiff was proceeding west upon U. S. Highway 70, also known as East Union Street. This is a five lane street, three lanes for traffic headed west and two for traffic headed east. The plaintiff was in the center lane for westbound traffic. Center Street runs north from the intersection, that is, to the plaintiff's right. Huffman Street runs south from the intersection. East Meeting Street runs southwest from the intersection. A traffic island lies in the intersection. Stop signs were erected at the intersection facing traffic coming into it from Center Street and Huffman Street and that proceeding eastwardly on Highway 70 (East Union Street). Traffic moving northeastwardly out of East Meeting Street had the right of way over eastbound traffic on Highway 70 (East Union Street). There was, however, either a stop sign or a "Yield Right of Way" sign on the traffic island for traffic moving from East Meeting Street across the intersection to Center Street, as the Cook vehicle did. Traffic approaching the intersection from the east on Highway 70 (East Union Street), as the plaintiff did, came over a crest of a slight hill about 250 feet east of the intersection and proceeded through it on a gradual curve to its left.

The plaintiff testified that as he approached the intersection, he saw the automobile driven by Ruth Cook approaching the intersection on East Meeting Street in the left lane of that street. The plaintiff had reduced his speed as he approached the intersection and was traveling 10 to 15 miles per hour. Ruth Cook drove into the intersection and started across the westbound lane of Highway 70 (East Union Street) headed for Center Street, without stopping or checking her speed, which was 30 miles per hour. When the plaintiff was 50 feet from the point of impact, Ruth Cook came to and passed the traffic sign on the traffic island. The plaintiff applied his

brakes and further reduced his speed, turning to his right, that is, toward Center Street, but was unable to avoid the collision. The motor scooter struck the automobile at the rear of the right fender. Both vehicles continued for a short distance to the plaintiff's right. The motor scooter stopped just short of the crosswalk across Center Street and the automobile continued a few feet into Center Street. Debris was found in the northernmost lane for westbound traffic on Highway 70 (East Union Street).

Mrs. Joan Cook Clay, called as an adverse witness by the plaintiff, testified that title to the automobile was registered in her name but Ruth Cook, her minor sister, was the owner of it, the title being in Mrs. Clay's name solely for financing purposes. Mrs. Clay had and exercised no control over the operation of the vehicle by Ruth Cook.

Upon allowance of the motion by the defendants for judgment of nonsuit as to the action by the plaintiff, Ruth Cook took a voluntary nonsuit of her counterclaim for property damage.

*Byrd, Byrd & Ervin Law Firm for plaintiff appellant.*
*James C. Smathers for defendant appellees.*

LAKE, J. In their brief the defendants concede that the evidence offered by the plaintiff is sufficient to carry the case to the jury on the issue of negligence by Ruth Cook, and that the nonsuit was error unless it can be supported on the ground of contributory negligence by the plaintiff. We are in accord with this conclusion. The defendants do not concede, of course, that the facts with reference to negligence by Ruth Cook are as the plaintiff's evidence indicates, and we do not so suggest, that being a question to be determined by the jury.

A judgment of nonsuit on the ground of contributory negligence is proper only when the plaintiff's evidence establishes his negligence as a proximate cause of the injury so clearly that no other conclusion is reasonably permissible therefrom. Strong, N. C. Index, Negligence, § 26, and cases there cited. It is also well established that upon a motion for judgment of nonsuit the plaintiff's evidence is to be taken in the light most favorable to him, all discrepancies therein are to be resolved in his favor and he must be given the benefit of every inference favorable to him which can be reasonably drawn from his evidence. Strong, N. C. Index, Trial, § 21. So interpreted, the plaintiff's evidence is to the effect that there was a traffic sign upon the island in the intersection requiring Ruth Cook to yield the right of way to the plaintiff. He was entitled to assume that she would do so until a contrary intent by her became apparent,

or should have been apparent to him. *Carr v. Stewart,* 252 N.C. 118, 113 S.E. 2d 18; *Brady v. Beverage Co.,* 242 N.C. 32, 86 S.E. 2d 901; *State v. Hill,* 233 N.C. 61, 62 S.E. 2d 532; Strong, N. C. Index 2d, Automobiles, § 19. According to the plaintiff's evidence, so interpreted, he had slowed down for the intersection and was within 50 feet of the point of impact when the automobile driven by Ruth Cook reached the traffic sign. Her speed, prior to that time, was not such as to put him on notice that she could not or did not intend to stop, as required by that sign, in order to yield the right of way to his motor scooter. His testimony was that he then applied his brakes and turned to his right to avoid the collision. This evidence does not compel the conclusion that the plaintiff was guilty of negligence contributing to his own injury. Therefore, the motion for nonsuit against Ruth Cook should have been denied.

G.S. 20-71.1(b) provides:

> "Proof of the registration of a motor vehicle in the name of any person, firm, or corporation, shall for the purpose of any such action [*i.e.,* action for damages arising out of a collision involving a motor vehicle], be *prima facie* evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment."

The judgment of nonsuit having been improperly entered as to the driver of the automobile, it follows that there was error in nonsuiting the plaintiff's action against Mrs. Joan Cook Clay, the registered owner of the automobile. *Ennis v. Dupree,* 258 N.C. 141, 145, 128 S.E. 2d 231; *Hamilton v. McCash,* 257 N.C. 611, 619, 127 S.E. 2d 214. It is true that the plaintiff's evidence on this point, consisting of the testimony of Mrs. Clay, herself, called as an adverse witness by the plaintiff, is sufficient, if true, to rebut the *prima facie* evidence that Ruth Cook was driving the automobile as her agent. Mrs. Clay testified, however, that the title to the vehicle was registered in her name. Thus, the plaintiff introduced evidence which the statute makes *prima facie* proof that Ruth Cook was driving as agent of Mrs. Clay and in the course of her employment. Discrepancies and conflict in the evidence of the plaintiff do not justify a judgment of nonsuit. Therefore, the judgment of the court below was erroneous as to both defendants.

Reversed.