## CHOATE MOTOR COMPANY v. CHARLES RAY GRAY

### No. 6923SC325

(Filed 13 August 1969)

**1. Pleadings § 26— demurrer — construction of allegations of complaint**

Upon demurrer, the allegations of the complaint will be taken as true and the complaint liberally construed in favor of plaintiff, and unless the pleading is fatally defective or wholly insufficient, demurrer should not be sustained.

**2. Pleadings § 26— demurrer — contributory negligence as matter of law — sufficiency of complaint**

In this action for damages sustained when plaintiff's automobile struck the rear of defendant's automobile, which had stopped in plaintiff's lane of travel, the complaint is sufficient to withstand defendant's demurrer on the ground that it shows on its face plaintiff's contributory negligence as a matter of law.

**3. Automobiles § 56— hitting vehicle stopped on highway — sufficiency of evidence**

In this action for damages resulting from an automobile collision, plaintiff's evidence *is held* sufficient to be submitted to the jury where it tends to show that when plaintiff rounded a curve, he saw defendant's automobile stopped in his lane of travel 100 feet away, and that plaintiff applied his brakes but was unable to stop before striking defendant's automobile.

APPEAL by defendant from *Johnston, J.,* 27 March 1969 Session, Superior Court of ALLEGHANY.

Plaintiff instituted this action to recover for damage to its automobile resulting from a collision which occurred on 1 December 1966. Plaintiff alleged that Murphy was driving its 1962 Chevrolet in a westerly direction on N.C. Highway 18 at a point about 18 miles east of Sparta, at approximately 4:40 p.m.; that Murphy, driving at a speed of about 45 miles per hour in a 55 mile-per-hour zone, came around a blind curve; that defendant, also traveling in a westerly direction had caused his automobile suddenly to be parked and stopped on the right hand portion of the highway while he was "illegally attempting to flag down another automobile approaching from the opposite direction, and in a blind curve"; and that, due to defendant's negligence, Murphy hit the defendant's car in the rear. Plaintiff alleged that defendant was negligent in that: he parked his automobile on the paved portion of the highway when it was practical to park it off of said highway; that he parked it without leaving an unobstructed width of 15 feet of pavement; that he parked it

where there was not an unobstructed view of the vehicle for 200 feet in both directions; that he parked it in a blind curve; that he knew or should have anticipated that the view of an approaching motorist would be obstructed; that he failed to give adequate warning or notice to approaching traffic of his standing vehicle; and that he failed to take such precaution as would reasonably be calculated to prevent injury, all of which was in direct violation of G.S. 20-161.

Plaintiff also alleged that defendant failed to keep a proper look-out, operated his automobile carelessly and heedlessly, in wanton and willful disregard of the rights of others, that he failed to observe plaintiff and failed to yield the right of way to an automobile then and there on the highway, that these acts of negligence were the sole and proximate cause of plaintiff's damage.

Defendant answered denying all allegations of negligence, averred that defendant was operating his automobile westerly on N.C. Highway 18, that Murphy was operating plaintiff's car at the same time in the same direction upon said highway in a careless, reckless and dangerous manner at a speed greater than prudent and failed to bring his automobile under control after he saw, or in the exercise of due diligence, should have seen defendant's automobile, that the highway was straight for a long distance, and plaintiff's damages, if any, resulted solely from and were proximately caused by Murphy's negligence.

By second further answer and counterclaim defendant averred that defendant, traveling on a straight stretch of road, gave a hand signal for slowing his vehicle, when his vehicle was suddenly and without warning struck from the rear by the automobile operated by Murphy. The specific acts of negligence attributed to Murphy were set out and defendant prayed for recovery of damages to person and property.

The issues submitted to the jury and the answers thereto were: "1. Was the plaintiff's property damaged by the negligence of the defendant? Answer: 'No.' 2. Was the defendant injured and his property damaged by the negligence of the plaintiff? Answer: 'No.'" From judgment entered thereon defendant appealed.

*Arnold L. Young and J. Colin Campbell for defendant appellant.*
*No appearance for plaintiff appellee.*

MORRIS, J.
**[1, 2]** Defendant, on appeal, demurs *ore tenus* to plaintiff's complaint contending that the complaint shows on its face plaintiff's

contributory negligence as a matter of law. Defendant presents no argument in support of the demurrer. Upon demurrer, the allegations of the complaint will be taken as true and the complaint liberally construed in favor of plaintiff and unless the pleading is fatally defective or wholly insufficient, demurrer should not be sustained. 6 Strong, N.C. Index 2d, Pleadings, § 26, p. 348. While this complaint may not be a model of clarity, we think it sufficient to withstand demurrer. The demurrer is overruled.

[3] Defendant earnestly contends that his motion for nonsuit, made at the close of plaintiff's evidence and renewed at the close of all the evidence, should have been sustained and that the verdict of the jury was contrary to fact and applicable law.

On a motion to nonsuit, plaintiff's evidence must be taken as true and must be considered in the light most favorable to plaintiff, giving him the benefit of every fact and inference of fact pertaining to the issues which may be reasonably deduced from the evidence. *Perkins v. Cook*, 272 N.C. 477, 158 S.E. 2d 584. When these well-known rules are applied to plaintiff's evidence, it tends to show: On 1 December 1966, Murphy, an employee of plaintiff, was driving a 1962 Chevrolet in a westerly direction along N.C. Highway 18 about 4:30 in the afternoon. He was close to Edward Wright's which is about a mile from the top of the mountain or Parkway and about 300 or 400 yards west of the road that goes up to the old Pack Murphy place. The road was crooked. There is a "pretty stiff curve." The highway was about 20 feet in width and the weather was fair. He came around the curve "and this automobile was stopped in front of me." He was flagging down a 1964 Ford station wagon. The station wagon came on by and Murphy "slid into" the rear of defendant's car. The defendant's car was on his right side of the road and completely on the hard surface. Murphy was traveling at a speed of about 45 miles per hour. When he first observed defendant's car as he came around the curve it was about 100 feet away. Murphy was traveling about 15 miles per hour when he hit defendant's car. His tires were good and they skidded. There were about 54 feet of skid marks from all four wheels of the Murphy vehicle. When the patrolman arrived, the vehicles were sitting about 150 or 200 feet from the curve. Defendant stated to the patrolman that he was traveling west on N.C. Highway 18, "looking for a fellow and met him there and that this fellow he wanted to see, he met him traveling in the other direction; and, consequently, he stopped or was attempting to stop to flag this fellow down." The shoulder is a very narrow shoulder on the right and then a bank or fill.

In our view of the evidence, the jury could have found that plaintiff's damage proximately resulted from the negligence of defendant and we think the motion to nonsuit was properly overruled.

No error.

CAMPBELL and BROCK, JJ., concur.