THEODORE JEFFERSON DUPREE, SR., ADMINISTRATOR OF THE ESTATE OF THEODORE JEFFERSON DUPREE, JR. v. BUREN THOMAS BATTS AND MINERVA PARKER BATTS AND THE CHRYSLER CORPORATION

No. 8

(Filed 10 December 1969)

**1. Automobiles § 108— family purpose automobile — sufficiency of evidence**

In this action for the wrongful death of a guest passenger, allegations that the *femme* defendant kept and maintained an automobile as a family purpose automobile and that the male defendant was a member of her household failed for lack of supporting proof where plaintiff's evidence tended to show that, although the automobile was registered in her name, the *femme* defendant contributed neither to the purchase price nor to the maintenance of the automobile which was never in her possession and that defendant was not a member of her household.

**2. Pleadings § 36; Trial § 26— necessity for both pleadings and proof**

The court cannot submit a case to the jury on a particular theory unless such theory is supported by both pleadings and evidence, proof without allegation being as ineffective as allegation without proof.

**3. Automobiles § 105— proof of registration — G.S. 20-71.1 — failure to allege agency**

In this action for the wrongful death of a guest passenger, proof of registration of the automobile in the name of the *femme* defendant is insufficient to take the case to the jury as to her under G.S. 20-71.1 where the complaint did not allege that defendant driver was the agent, servant or employee of the *femme* defendant, or that the driver acted or purported to act for her at any time in the use of the automobile.

**4. Automobiles § 105—** **proof of registration — prima facie evidence of agency — necessity for allegation of agency**

Proof of registration of an automobile is *prima facie* evidence of ownership and that the agent was acting for the owner's benefit and in the scope of his employment, but there must be allegation of agency to make evidence of agency admissible against the principal.

**5. Automobiles §§ 51, 68—** **oversized, unbalanced tire — speeding — sufficiency of evidence of negligence**

In this action for the wrongful death of a guest passenger in an automobile accident, plaintiff's evidence was sufficient to go to the jury on the issue of defendant driver's negligence where it tended to show that defendant placed an oversized, unbalanced tire on the right rear wheel of the automobile involved in the accident which would cause the vehicle, during road use, to shimmy and vibrate to the extent he should have known that speed would render the vehicle unsafe, that defendant was driving 60 mph in a 55 mph speed zone, and that the wheel broke down and the automobile wrecked.

**6. Automobiles § 23—** **duty of driver to keep automobile properly equipped**

It is the duty of one operating a motor vehicle upon the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to the occupants or to other travelers.

**7. Automobiles § 30—** **speeding — negligence**

Driving in excess of the lawful speed limit is negligence.

**8. Sales §§ 17, 22—** **defective automobile — action against manufacturer — negligence — implied warranty — sufficiency of evidence**

In this action against an automobile manufacturer for the wrongful death of an automobile passenger in an accident which occurred when a wheel on the automobile failed, plaintiff's evidence *is held* sufficient to go to the jury on the issue of the manufacturer's negligence in manufacturing and placing on the market a defective automobile and on the issue of the manufacturer's breach of implied warranty, where it tends to show that the right rear wheel broke loose from the moving vehicle when the five lug nuts pulled through and ruptured the metal hub which attached the rim to the axle, that this wheel was on the vehicle at the time of its delivery to the manufacturer's sales agent, that the metal used in the structure of the damaged wheel was of the softest and weakest commercially available grade of steel and contained non-metallic impurities and slag inclusions which made the wheel less resistant to deformation, that the impurities could have been discovered by an inspection at the time of manufacture, and that the use of a stronger steel free of impurities or the use of a greater thickness of the type used could or might have prevented the loss of the wheel.

**9. Sales § 22—** **negligence by manufacturer — selection of materials — failure to inspect**

. A manufacturer's negligence may be found over an area quite as broad as his whole activity in preparing and selling the product or designing the

article; it may arise by selecting materials for use in the manufacturing process or in failing to make reasonable inspection for hidden defects.

MOORE, J., did not participate in the consideration or decision of this case.

APPEAL by plaintiff from judgment of involuntary nonsuit entered by *Hobgood, J.,* at the December, 1968 Regular Session, WAKE Superior Court.

The plaintiff, Theodore Jefferson Dupree, Sr., as administrator of Theodore Jefferson Dupree, Jr., instituted this wrongful death action against Buren Thomas Batts, driver, and Minerva Parker Batts, registered owner of a specifically described 1965 Plymouth automobile in which the intestate was riding as a guest passenger at the time the driver wrecked the vehicle.

The complaint alleged the fatal injuries were caused by the actionable negligence of Buren Thomas Batts in operating the automobile which his mother, Minerva Parker Batts, owned and maintained for the use and convenience of her son and other members of her household.

Subsequent to the institution of the action, the plaintiff, by motion, made The Chrysler Corporation an additional party defendant and filed an amended complaint, which alleged: (1) A cause of action against Buren Thomas Batts for actionable negligence in operating the automobile; (2) A cause of action against Minerva Parker Batts as owner of the automobile which she maintained for the use and convenience of herself and the members of her household, including the driver, Buren Thomas Batts; (3) A cause of action against The Chrysler Corporation by reason of its negligence in manufacturing and placing on the market a defective automobile which broke down under road use.

The defendants filed separate answers in which each denied allegations of negligence. Both Buren Thomas Batts and his mother, Minerva Parker Batts, denied that Minerva Parker Batts owned or had any interest in, or maintained the Plymouth automobile involved, or that Buren Thomas Batts was at any time during his ownership of the automobile a member of his mother's household. The Chrysler Corporation denied all allegations of negligence and set up special defenses. At the conclusion of the plaintiff's evidence, some of which will be discussed in the opinion, the trial court entered judgment of involuntary nonsuit dismissing the action as to all defendants. The plaintiff excepted and appealed. Upon proper petition, this Court certified the cause for review here without prior determination by the North Carolina Court of Appeals.

*Tharrington & Smith, by J. Harold Tharrington and Roger W. Smith, Earle R. Purser for the plaintiff.*

*Smith, Leach, Anderson & Dorsett by John H. Anderson; Young, Moore & Henderson by Carter G. Mackie for the defendants Buren Thomas Batts and Minerva Parker Batts.*

*Teague, Johnson, Patterson, Dilthey & Clay by I. Edward Johnson for the defendant The Chrysler Corporation.*

HIGGINS, J.

The plaintiff's evidence disclosed that on and prior to December 22, 1964, Buren Thomas Batts, age 19, lived and worked as an automobile mechanic in Raleigh. At all times pertinent to this controversy his mother, Minerva Parker Batts, resided in Pender County, more than 100 miles from Raleigh.

[1]  On the above date, Buren Thomas Batts purchased from O'Neal Motor Company of Raleigh the Plymouth automobile involved in the accident. Because of his age, the purchaser was unable to execute a satisfactory deferred payment lien on the automobile. The purchaser, with his mother's consent, caused the vehicle to be registered in her name. She executed the lien agreement. Buren Thomas Batts kept and used the automobile in Raleigh. Minerva Parker Batts contributed neither to the purchase nor to the maintenance of the automobile which was never in her possession. Consequently, the allegations in the complaint that she kept and maintained the Plymouth as a family purpose automobile, and that Buren Thomas Batts was a member of her household, failed for lack of supporting proof. The complaint did not allege that Buren Thomas Batts was the agent, servant, or employee of his mother, or that he acted or purported to act for her at any time in the use of the automobile.

[2]  It is settled law that a court's decree of civil liability must be based on both allegation and proof. In this case, allegation of family purpose is present — proof is absent. There is no allegation that Buren Thomas Batts was acting as his mother's agent in any capacity at the time he wrecked the Plymouth automobile. "The court cannot submit a case to the jury on a particular theory unless such theory is supported by both pleadings and evidence." *Cox v. Freight Lines,* 236 N.C. 72, 72 S.E. 2d 25. "Proof without allegation is as ineffective as allegation without proof." *Calloway v. Wyatt,* 246 N.C. 129, 97 S.E. 2d 881.

**[3]** The plaintiff, however, contends that proof of registration of the Plymouth automobile in the name of Minerva Parker Batts under G.S. 20-71.1 is sufficient to take the case to the jury as to her without allegation of agency. Actually, the section referred to relates solely to proof and not to allegation. Proof of ownership or proof of registration under G.S. 20-71.1 shall be *prima facie evidence,* etc. However, evidence, direct, circumstantial, or *prima facie,* does not take away the necessity of alleging agency if the principal is to be held liable. G.S. 20-71.1 applies when ". . . the plaintiff, *upon sufficient allegations* (emphasis added) seeks to hold the owner liable for the negligence of a non-owner operator under the doctrine of respondeat superior." *Howard v. Sasso,* 253 N.C. 185, 116 S.E. 2d 341; *Belmany v. Overton,* 270 N.C. 400, 154 S.E. 2d 538; *Taylor v. Parks,* 254 N.C. 266, 118 S.E. 2d 779; *Whiteside v. McCarson,* 250 N.C. 673, 110 S.E. 2d 295; *Osborne v. Gilreath,* 241 N.C. 685, 86 S.E. 2d 462; *Hartley v. Smith,* 239 N.C. 170, 79 S.E. 2d 767.

**[4]** Neither *Perkins v. Cook,* 272 N.C. 477, 158 S.E. 2d 584, nor *Bowen v. Gardner,* 275 N.C. 363, 168 S.E. 2d 47 is in conflict with the above cited cases. In *Perkins,* the plaintiff alleged the offending vehicle was a family purpose automobile owned by Mrs. Clay and maintained by her for the benefit of her family, including her minor sister, Ruth Cook, the driver. But, in addition to the allegation of family purpose, the complaint, after detailing specific acts of negligence on the part of Ruth Cook, contained this additional allegation: ". . . (A)ll of which acts of negligence on the part of the defendant Ruth Cook, while acting as the agent, employee and servant of the defendant Joan Cook Clay were the direct and proximate causes of the injuries and damages sustained by the plaintiff." Such allegations of agency make proof of ownership prima facie evidence that the vehicle was being operated at the time of the accident by the owner's agent. *Carter v. Motor Lines,* 227 N.C. 193, 41 S.E. 2d 586. Proof of registration is prima facie evidence of ownership and that the agent was acting for the owner's benefit and in the scope of his employment, but there must be allegation of agency to make evidence of agency admissible against the principal. *Travis v. Duckworth,* 237 N.C. 471, 75 S.E. 2d 309.

In *Bowen, supra,* this Court cited *Perkins, supra.* However, in *Bowen,* the trial court entered judgment of involuntary nonsuit. The Court of Appeals affirmed the judgment on the ground the plaintiff's evidence disclosed her contributory negligence as a matter of law. This Court reversed the nonsuit, holding the evidence of contributory negligence presented a jury question.

**[5, 6]** In the instant case, the plaintiff's evidence permitted the inference the defendant Batts placed an oversized, unbalanced tire on the right rear wheel of his Plymouth automobile which would cause the vehicle, during road use, to shimmy and vibrate to the extent he should have known that speed would render the vehicle unsafe. "Generally speaking, it is the duty of one operating a motor vehicle upon the public highways to see that it is in reasonably good condition and properly equipped, so that it may be at all times controlled, and not become a source of danger to the occupants or to other travelers. . . ." *Scott v. Clark*, 261 N.C. 102, 134 S.E. 2d 181. Excessive speed is negligence. *Smart v. Fox*, 268 N.C. 284, 150 S.E. 2d 403.

**[5, 7]** After the wheel broke down, the vehicle moved 443 feet before it came to rest, "on its top". The driver admitted to the investigating officer that his speed at the time of the accident was 60 miles per hour. The breakdown occurred at, in, or near a curve. The maximum speed limit at the time and place of the accident was 55 miles per hour. Driving in excess of the lawful speed limit is negligence. *Rudd v. Stewart*, 255 N.C. 90, 120 S.E. 2d 601. The evidence was sufficient to go to the jury on the issue of negligence on the part of Buren Thomas Batts.

**[8]** The Chrysler Corporation admitted it manufactured the Plymouth automobile which its sales agent, O'Neal Motor Company, delivered to Buren Thomas Batts. While there was objection on the ground the wheel had not been properly identified, nevertheless the evidence in the record was sufficient to permit the inference that the wheel which gave way, causing the accident, was on the vehicle at the time of its delivery by Chrysler's agent. Evidence in the record was sufficient to permit a reasonable inference that the right rear wheel broke loose from the moving vehicle when the five lug nuts pulled through and ruptured the metal hub which attached the rim to the axle.

By way of proof in support of the allegations of negligence and breach of warranty on the part of The Chrysler Corporation, the plaintiff offered evidence of Dr. Austin, found to be in expert in the field of metallurgical engineering. Dr. Austin testified that he examined a damaged wheel and hub from a 1965 Plymouth automobile. "The lug bolt holes had been severely enlarged, and it was evident from the shape of the enlarged holes that this wheel had pulled off right over the lug nuts. . . . In several places the metal adjacent to the lug nuts or lug bolt holes in the wheel had actually pulled apart and ruptured in the process."

By stipulation the plaintiff (Exhibit 6) placed in evidence a report of the chemical composition of pieces of metal made by the Pittsburg Testing Laboratory and used by Dr. Austin in his testimony. Dr. Austin testified that the type of metal used in the structure of the damaged wheel was of the softest and weakest commercially available grade of steel. Non-metallic inclusions found in the damaged wheel made it easier for the wheel to fail in service. Some slag impurities were present in the places where the metal ruptured. "We found a significant amount of non-metallic inclusions or impurities in the micro-structure". These non-metallic impurities and slag inclusions made the wheel less resistant to deformation. The impurities could have been discovered by an inspection at the time of manufacture. The use of a stronger steel, free of impurities, or the use of a greater thickness of the type used would have increased the load-carrying capacity of the wheel and could or might have prevented the loss of the wheel.

[9]   A manufacturer's negligence may be found over an area quite as broad as his whole activity in preparing and selling the product or in designing the article — *Corprew v. Chemical Corp.,* 271 N.C. 485, 157 S.E. 2d 98; Negligence may arise by selecting materials for use in the manufacturing process — *Wilson v. Hardware Co.,* 259 N.C. 660, 131 S.E. 2d 501; . . . (I)n failing to make reasonable inspection for hidden defects — *Gwyn v. Motors, Inc.,* 252 N.C. 123, 113 S.E. 2d 302.

When this Court considers a judgment of nonsuit in the trial court and concludes it should be reversed, the practice is to discuss the evidence and the allegations only to the extent necessary to disclose the basis for decision. The reason is that only the evidence favorable to the plaintiff is considered on the question of nonsuit. The defenses alleged and the evidence to support them are not considered. By ordering a new trial in this case, the Court does no more than hold the plaintiff's evidence on the causes of action alleged against Buren Thomas Batts and The Chrysler Corporation was sufficient to require that the jury pass on it. In the trial, the defendants Buren Thomas Batts and The Chrysler Corporation will have full opportunity to present evidence and be heard on all issues raised by the pleadings.

We now hold the judgment of nonsuit as to Minerva Parker Batts was proper and the judgment is affirmed. We hold the plaintiff's evidence was sufficient to go to the jury on the causes of action

alleged against Buren Thomas Batts and The Chrysler Corporation, and the nonsuit as to them is reversed.

As to Minerva Parker Batts — Affirmed.

As to Buren Thomas Batts — Reversed.

As to The Chrysler Corporation — Reversed.

MOORE, J., did not participate in the consideration or decision of this case.