RAYMOND W. COAKLEY v. FORD MOTOR COMPANY AND GROVER SHUGART MOTORS

No. 7121SC279

(Filed 14 July 1971)

1. Rules of Civil Procedure § 56— summary judgment — genuine issue for trial

A party against whom the motion for summary judgment is made may not rest upon the allegations or denials of his pleading, but must demonstrate that there is a genuine issue for trial. G.S. 1A-1, Rule 56(e).

2. Rules of Civil Procedure § 56— summary judgment

On motion for summary judgment, the test is whether the moving party presents materials which would require a directed verdict in his favor if offered as evidence at trial.

3. Automobiles § 6; Sales § 22— defect in car brakes — action against dealer — issue of negligence

In an automobile owner's action against an automobile dealer for damages allegedly resulting from a latent defect in the master brake cylinder, the owner's failure to show that the dealer could have uncovered the defect by reasonable inspection of the car either prior to the sale of the car or at the time of its 6000 mile checkup warrants the entry of summary judgment in favor of the dealer on the issue of negligence.

4. Automobiles § 6; Sales §. 22— defect in car brakes — action against manufacturer — issue of negligence

In an automobile owner's action against the manufacturer of the automobile for damages allegedly resulting from a latent defect in the master brake cylinder, plaintiff's evidence that the master cylinder assembly was found to be damaged after the collision complained

Coakley v. Motor Co.

of was insufficient to withstand the manufacturer's motion for a directed verdict on the issue of negligence, there being no evidence of any defect existing prior to the time of the accident, or of any negligence by the manufacturer in the selection of materials, in the process of assembly, or in inspection.

5. Negligence § 26— presumption from injury or accident

Negligence is never presumed from the mere fact of an accident or injury, except in the narrow class of cases to which the doctrine of *res ipsa loquitur* is applicable.

APPEAL by plaintiff from *Lupton, Judge,* 19 October 1970 Session of Superior Court held in FORSYTH County.

Plaintiff instituted this action to recover for personal injuries and property damage sustained when plaintiff's automobile, manufactured by defendant Ford Motor Company (hereinafter called "Ford") and sold to plaintiff by defendant Grover Shugart Motors (hereinafter called "Shugart"), collided on 8 August 1966 with an automobile driven by one Coleman in the State of Virginia, due to an alleged malfunction in the braking system of plaintiff's automobile. Plaintiff asserted claims against both defendants for alleged negligence, in various particulars, and breach of warranty. Defendant Shugart denied the material allegations of the complaint, and alleged that there was no brake failure, but that plaintiff's failure to yield the right of way to Coleman caused the accident, or, in the alternative, that plaintiff was contributorily negligent. Defendant Ford likewise denied the material allegations of the complaint and alleged that plaintiff's negligence, in various particulars, was the sole proximate cause of the accident, or, in the alternative, that plaintiff was contributorily negligent. As against the cause of action for breach of warranty, defendant Ford alleged that plaintiff's negligence was the sole proximate cause, or "at least one of the proximate causes of the accident," that plaintiff had waived any warranty, and that plaintiff's action was barred by the terms of the written warranty, which allegedly negated any other warranties. Defendant Shugart instituted a cross-action against defendant Ford for indemnity, in the event that it should be held liable to plaintiff.

On 19 October 1970 summary judgment was entered in favor of defendant Shugart as to both of plaintiff's causes of action, and in favor of defendant Ford as to the cause of action for breach of warranty. The cause came on for trial on the cause of action for negligence as against defendant Ford.

Plaintiff's evidence, insofar as it is relevant to the questions raised on this appeal, tended to show the following. Plaintiff purchased the automobile in question, a 1966 model Ford Mustang, from defendant Shugart on 1 March 1966. At some time thereafter, but prior to the accident, defendant Shugart performed a "6,000-mile checkup" on the Mustang. On 8 August 1966, plaintiff was proceeding north on U.S. Highway 258 in Isle of Wight County, Virginia. At the point where the accident occurred, U.S. Highway 258 intersects U.S. Highway 17 in a "T" intersection, the latter forming the crossbar of the "T," and running in a general east-west direction. Traffic on Highway 258 is directed to yield the right of way to traffic on Highway 17. Plaintiff's intention was to turn left onto Highway 17. Plaintiff brought his automobile to a complete stop, without difficulty, at a point 100-150 feet from the point of collision. Plaintiff then proceeded toward the "yield" sign at a speed of 8-10 miles per hour, observing that all of the east-bound traffic on Highway 17 was turning right (southwardly) onto Highway 258. When plaintiff observed that the automobile operated by Coleman was going to continue straight on Highway 17, rather than turning right onto Highway 258, plaintiff applied his brakes sharply, at a point approximately 20 feet from the Coleman vehicle. The pedal gave slight resistance to plaintiff's foot, and then went all the way to the floor, and the automobile's progress was retarded only very slightly thereby, if at all. The Coleman vehicle, which had come to a stop in the east-bound lane of Highway 17, was struck by plaintiff's automobile on its right front fender and bumper. Plaintiff's speed at the point of impact was 4-7 miles per hour. There were marks of plaintiff's tires approximately 20 feet long leading to the point of impact; however, they were not skid marks, but actual indentions in the soft pavement. Plaintiff had had no trouble with his brakes prior to this occasion, which was his first emergency stop in the Mustang. After the collision, plaintiff's automobile was taken to a nearby garage, where it was found that the master cylinder had separated from the firewall by 2-3 inches on one side, and that the threads of one of the bolts which held the master cylinder in place were partially stripped. The master cylinder was then replaced in position against the firewall, thereby partially restoring the braking power. There was no damage to the firewall in the vicinity of the master cylinder, other than the separation of the master cylinder from the firewall, as described.

---

Coakley v. Motor Co.

---

The motion of defendant Ford for a directed verdict, made at the close of plaintiff's evidence and renewed at the close of all the evidence, was granted. Plaintiff appealed to this Court.

*White, Crumpler & Pfefferkorn, by James G. White and Michael J. Lewis, for plaintiff-appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by R. M. Stockton, Jr. and J. Robert Elster, for defendant-appellee, Ford Motor Company.*

*Womble, Carlyle, Sandridge & Rice, by Allan R. Gitter, for defendant-appellee, Grover Shugart Motors.*

BROCK, Judge.

The only exceptions which are preserved on appeal are to the entry of summary judgment in favor of defendant Shugart as to the cause of action grounded on negligence, and the allowance of the motion of defendant Ford for directed verdict in the cause of action grounded on negligence. Thus, we are not presented with any question relating to any alleged breach of warranty.

Summary Judgment for Shugart:

In *Veach v. American Corp.*, 266 N.C. 542, 146 S.E. 2d 793, the Court said:

"As to the seller of a chattel known to have been manufactured by another, the rule has been stated as follows: 'A vendor of a chattel made by a third person which is bought as safe for use in reliance upon the vendor's profession of competence and care is subject to liability for bodily harm caused by the vendor's failure to exercise reasonable competence and care to supply the chattel in a condition safe for use.' [citation]. Under this rule, liability depends upon whether such seller, by the exercise of reasonable care, could have discovered the dangerous character or condition of the chattel. [citations].

"If, under the indicated circumstances, the seller knows or should have discovered a latent defect in the chattel of such nature that he, by the exercise of due care, could reasonably foresee it was likely to cause injury in the ordinary use thereof, and the seller fails to warn the buyer of

such defect, the seller is liable to a buyer who, without any negligence of his own, makes ordinary use thereof and is injured on account of such defect. [citations]."

In support of his contention that it was error to grant the motion of defendant Shugart for summary judgment on the cause of action for negligence, plaintiff contends that the jury should have been allowed to determine whether Shugart, in the exercise of reasonable care, could have discovered the alleged defect, which the complaint acknowledged to be latent.

[1-3]  In resistance to a motion for summary judgment, properly supported, the party against whom the motion is made may not rest upon the allegations or denials of his pleading, but must demonstrate that there is a genuine issue for trial. G.S. 1A-1, Rule 56(e). In support of its motion, defendant Shugart offered the affidavit of Alex Simmons, defendant's service manager, which tended to show that "the usual 6,000-mile checkup does not include inspection of latent defects such as determining whether any of the bolts in the master cylinder are improperly threaded." Plaintiff offered no evidence to the contrary. On motion for summary judgment, the test is whether the moving party presents materials which would require a directed verdict in his favor if offered as evidence at trial. *Haithcock v. Chimney Rock Co.*, 10 N.C. App. 696, 179 S.E. 2d 865. In order to withstand a motion for nonsuit (or for directed verdict, under present practice), a plaintiff must offer evidence tending to show each element of actionable negligence. *Mills v. Moore*, 219 N.C. 25, 12 S.E. 2d 661. Assuming that the brake failure was caused by a defective master cylinder assembly, plaintiff has offered no evidence as to whether a reasonable inspection, either prior to the sale or at the time of the 6,000-mile checkup, would have disclosed the defect. The question may not be left for conjecture. Summary judgment was properly entered in the action against Shugart.

### Directed Verdict for Ford:

There was evidence, consisting of testimony by plaintiff, upon which the jury could have found that plaintiff's brakes failed to function, and that such failure was the proximate cause of the collision. Defendant contends that the evidence discloses that plaintiff was contributorily negligent as a matter of law. In our opinion the evidence does not show that negligence of plaintiff proximately caused the collision.

[4] The question remains whether there was evidence upon which the jury could have found that the brake failure was a proximate result of negligence of defendant Ford.

In the case of *Gwyn v. Motors, Inc.*, 252 N.C. 123, 113 S.E. 2d 302, relied upon by plaintiff, there was testimony of a pre-existing defect in the master cylinder assembly of plaintiff's automobile, which could have caused the brakes to malfunction as alleged, and the case is distinguishable for that reason. In *Dupree v. Batts*, 276 N.C. 68, 170 S.E. 2d 918, also cited by plaintiff, it was shown that the cause of the accident was the defendant manufacturer's use of an inferior grade of steel in the wheel of plaintiff's automobile.

[5] In the present case, there was no evidence of any defect existing prior to the time of the accident, or of any negligence on the part of defendant Ford in selection of materials, in the process of assembly, or in inspection. All that is shown with regard to any alleged defect is that the master cylinder assembly was found to be damaged after the collision. For all that appears, this could as well have been a result of the collision. Even if the evidence would support an inference that the master cylinder assembly became separated from the firewall prior to the collision, and that the brake failure was caused thereby, there is no evidence of negligence on the part of defendant Ford. Negligence is never presumed from the mere fact of an accident or injury, except in the narrow class of cases to which the doctrine of *res ipsa loquitur* is applicable. The plaintiff has the burden of establishing not only negligence, but also that such negligence was the proximate cause of his injury. Evidence which merely takes the matter into the realm of conjecture is insufficient. Plaintiff's evidence fails to show actionable negligence or any causal relation between the condition of the automobile when it was purchased and the accident resulting in his injury. cf. *Harward v. General Motors Corp.*, 235 N.C. 88, 68 S.E. 2d 855. Directed verdict was properly granted.

Plaintiff also assigns as error the exclusion of certain testimony relating to the working of automobile brakes. To the extent that the testimony is made to appear in the record, it would not, even if admitted, have cured the fundamental defect in plaintiff's case, to wit, the failure to show actionable negli-

gence on the part of defendant Ford. Therefore, the exclusion was, at most, harmless error.

Affirmed.

Judges MORRIS and HEDRICK concur.