CATHERINE BYRD SMITH AND GARLAND SMITH v. LUMBERTON MOTORS, INCORPORATED AND FORD MOTOR COMPANY

No. 7716SC23

(Filed 21 December 1977)

**Negligence § 30.2— car destroyed by fire—failure to show cause**

In an action to recover damages for destruction of an automobile by fire, the trial court properly directed verdicts in favor of defendants, the manufacturer and seller of the car, since plaintiffs failed to show that something defendants did or neglected to do was a proximate cause of the fire which injured them.

APPEAL by plaintiffs from *Canaday, Judge.* Judgment entered 1 September 1976 in Superior Court, ROBESON County. Heard in the Court of Appeals 29 September 1977.

This is an action to recover damages for destruction of a 1973 Mercury owned by Catherine Smith and radio equipment that was installed in the vehicle and owned by Garland Smith. Plaintiffs seek to recover from each defendant on theories of negligence and breach of warranty.

The evidence in the light most favorable to plaintiffs tends to show: Plaintiff Garland Smith has owned 75 to 100 automobiles in the past 40 years. On or about 5 October 1972, he went to a showing of 1973 automobiles at Lumberton Motors and took a 1973 Mercury for a test drive during which the car bucked, skipped, and backfired under the hood. He returned the car and informed a salesman, Sessoms, of the backfiring. The next day he returned to Lumberton Motors and agreed with Sessoms to purchase the car. Sessoms told Garland Smith to bring the car back and they would tune it up and get it running right. During the next weekend the car continued to backfire under the hood. On Monday he took the car to Lumberton Motors but could not get it serviced. On Tuesday he returned the car to Lumberton Motors, and it was serviced by R. A. Horne. The car still did not run properly. That night Garland Smith saw Horne at the Sheriff's Department and told Horne the car was in worse condition than when he took it in. Horne told Smith that he had knocked some holes where the breather cap fits onto the carburetor. He asked Smith not to tell anyone because Horne was not supposed to have done that to the car. Horne said that he did not know what else to do with the car

but that a factory man would be down in a few days and that Horne would call Smith to bring the car back. Smith returned the car to Lumberton Motors one more time to get some tires changed and on that occasion he talked to Horne and Sessoms who told him they were still expecting the factory representative. The car continued to backfire until 6 December 1972. During that period of time no one from Lumberton Motors or Ford Motor Company telephoned or wrote to Smith about the car. Around 2:00 a.m. on 5 or 6 December 1972, while Smith was turning around on a road, the car sputtered and backfired and went up in flames. The sound of the backfire and the flames came from under the hood. The wind was blowing; the gas tank exploded; and the car was virtually destroyed. Prior to the fire, Smith had driven the car approximately 5,000 miles. After the fire plaintiffs received in the mail two notices from Ford stating that the Mercury was included in a recall program. The notices stated that certain parts within the distributor could exhibit unacceptable wear during normal use and the wear could result in a gradual deviation from the proper ignition setting for the vehicle. Dr. Carl Frank Zorowski, an expert in the field of mechanical engineering, testified in response to a hypothetical question that in his opinion "the defective condition that existed in the automobile on the date of its purchase" was probably the cause of the fire.

At the close of all the evidence the court directed verdicts in favor of both defendants and entered judgment dismissing the action.

*Lee and Lee, by Martha K. Walston, for plaintiff appellants.*

*Page & Britt, by W. Earl Britt, for defendant appellee, Lumberton Motors, Incorporated.*

*McLean, Stacy, Henry & McLean, by William S. McLean, for defendant appellee, Ford Motor Company.*

VAUGHN, Judge.

The briefs filed on behalf of all of the parties are, in substantial part, devoted to arguments relating to the existence, validity and applicability of warranties and to the alleged negligence of defendants. If our view of the evidence is correct, however, it is not necessary to reach those questions. Whatever plaintiffs' theory, they must show that something defendants did or

neglected to do was a proximate cause of their injury. We conclude that they have shown no causal connection between their loss and the defendants. There is evidence that the automobile was destroyed by fire but no evidence as to what caused the fire.

There is evidence that the automobile did not run properly either before it was purchased or during the five thousand miles that Smith elected to operate it. There is, however, no evidence of what defect, if any, there was that prevented the car from running properly. The testimony of plaintiffs' expert witness did not help them. He first saw the burned automobile about three years after the fire. There is no indication that his personal examination revealed anything about the cause of the fire. He did testify that "the defective condition that existed in the automobile on the date of its purchase was probably the cause of the fire which ensued some time later." His answer was in response to a hypothetical question which asked him to assume that "a defective condition existed in or about the engine" of the vehicle on the day it was purchased. The answer adds nothing to plaintiffs' case. If he meant that *any* defective condition that existed probably caused the fire, his assertion is incredible and without probative force. If he was referring to a *particular* defect that might have existed, his testimony is silent with respect thereto.

The opinion of an expert is to assist the jury in evaluating matters in evidence. The expert witness may not supply an evidentiary fact not in evidence and beyond the personal knowledge of the expert, under the guise of an expert opinion. *Hubbard v. Oil Co.*, 268 N.C. 489, 151 S.E. 2d 71 (1966); *Keith v. Gas Co.*, 266 N.C. 119, 146 S.E. 2d 7 (1966).

The recall notice referred to earlier is, in pertinent part, as follows:

"We have found that certain parts within the distributor in the ignition system on your 1973 Ford or Lincoln-Mercury product could exhibit unacceptable wear during normal operation. This wear could then result in a gradual deviation from the ignition setting specified for your particular vehicle.

To correct this wear problem, we have developed a special clip that fits inside the distributor. This clip is designed to reduce wear to the affected distributor parts and at the same time help maintain the specified ignition setting."

---

**Smith v. Motors, Inc.**

---

The recall notice does not provide the necessary causal link between defendants' conduct and the fire. There was no evidence, including that from the expert witness, that the condition described in the notice could have caused the fire. Moreover, plaintiffs' evidence negates any such inference. Plaintiffs' new automobile did not run properly at the time it was purchased. Any possible trouble from the matter described in the recall notice would develop gradually.

There was no evidence that any act of Lumberton Motors caused the fire. Smith was told within one week of the purchase of the car that his engine difficulty would have to be diagnosed by a factory representative and could not be corrected locally. Notwithstanding this, plaintiffs elected to keep the car and operate it for two months and for almost 5,000 miles. Nor is there any evidence to suggest that the extra holes that Horne put in the breather cap caused the fire.

In summary, if plaintiffs are to recover in either contract or tort, they must show a causal connection between defendants' alleged misfeasance and their injury. We conclude that plaintiffs have failed to carry that burden. *See e.g., Kekelis v. Machine Works*, 273 N.C. 439, 160 S.E. 2d 320 (1968); *Insurance Co. v. Chevrolet Co.*, 253 N.C. 243, 116 S.E. 2d 780 (1960); *Harward v. General Motors Corp.*, 235 N.C. 88, 68 S.E. 2d 855 (1952); *Burbage v. Suppliers Corp.*, 21 N.C. App. 615, 205 S.E. 2d 622 (1974); *Williams v. General Motors Corp.*, 19 N.C. App. 337, 198 S.E. 2d 766 (1973); *Coakly v. Ford Motor Co.*, 11 N.C. App. 636, 182 S.E. 2d 260 (1971).

The judgment is affirmed.

Affirmed.

Judges MORRIS and CLARK concur.