FREDERICK ALAN SPIVEY v. WHITE MOTOR CORPORATION

No. 7921SC765

(Filed 15 April 1980)

**Automobiles § 6.3; Sales § 22.2— defective brakes—seller's liability—insufficient evidence**

  The trial court properly entered summary judgment for defendant in an action to recover for injuries allegedly caused by defendant's negligent installation of the brake system on a truck sold to plaintiff's employer and defendant's failure to use reasonable care in maintaining the brake system where defendant presented evidence that it had inspected the brake system but had discovered no defects and that the only reported problem with the brake system was the staying on of the anti-skid light and this had been repaired, and plaintiff failed to come forward with evidence of the prior existence of some specific defect in the brake system which was the proximate cause of plaintiff's injury.

APPEAL by plaintiff from *Walker (Hal H.), Judge.* Judgment entered 28 June 1979 in Superior Court, FORSYTH County. Heard in the Court of Appeals 29 February 1980.

Plaintiff filed this action to recover damages for injury sustained in an accident on 3 February 1978. Defendant is the manufacturer and seller of the tractor (truck) involved in the accident.

In his complaint, plaintiff alleged the following occurrence of events.

Defendant sold the truck to plaintiff's employer, Priority Freight Systems (Priority), for use in its business. The truck was equipped with a 121-type anti-lock brake system. Priority complained to defendant about problems in the brake system, which defendant attempted to remedy. On or about 3 February 1978, plaintiff was injured while driving the truck. The proximate cause of his injury was defendant's negligence in installing the brake system which it knew or should have known was defective and in failing to use reasonable care in maintaining the system.

Defendant filed an answer denying the material allegations of negligence and asserted as a defense plaintiff's contributory negligence. One week later, defendant filed a motion for summary judgment, supported by an affidavit of its branch manager as to

the validity of its business records, and the business records. Defendant's business records revealed that the only complaint it received about the brake system was about the anti-skid light staying on. Defendant also offered the affidavit of James Hutchens, the purchaser of the truck, which stated in pertinent part:

"That on or about July 14, 1977 he purchased a 1977 White tractor from the White Motor Corporation; that on or about August 2, 1977 the truck was returned the Kernersville branch office of the White Motor Corporation for warranty work to have, among other things, the anti-skid light and system checked out; that attached to this affidavit and by reference incorporated herein is a copy of the purchase invoice for that truck and of the work order of August 2, 1977; that following the repair work performed August 2, 1977 to the tractor the undersigned knows of no problems or difficulties experienced with the braking system of the tractor; from that time until the date of the accident on February 3, 1978 the undersigned reported no problems or difficulties with the braking system of the tractor to the White Motor Corporation nor, to his knowledge, were any reported by any other person . . ."

Plaintiff moved to amend its complaint so that it would allege that Hutchens bought the truck and leased it to Priority for use in its business and that subsequent to the sale of the truck, complaints had been filed with defendant about problems in the brake system by Priority, its employees, or Hutchens.

In opposition to defendant's summary judgment motion, plaintiff offered the affidavit of Walter Eric Kivett, a tractor-trailer mechanic employed by Hutchens as a driver, which revealed that he had driven the truck exclusively after its purchase until the last week of December 1977. He had complained during this period to an employee of defendant, its shop foreman, approximately three times regarding problems with the computer portion of the braking system, particularly its making clicking noises, but this problem was not corrected. On 3 February 1978, Kivett arrived at the scene of the accident within five minutes and noticed that the tractor brakes had no smell and were not smoking, and the trailer brakes did have a smell, which indicated failure of the tractor brakes.

The trial court granted defendant's motion for summary judgment. Plaintiff appealed.

*Wilson & Redden, by W. M. Speaks, Jr., for plaintiff appellant.*

*Womble, Carlyle, Sandridge & Rice, by Daniel W. Donahue, for defendant appellee.*

ERWIN, Judge.

"In ruling on a motion for summary judgment, the Court does not resolve issues of fact but goes beyond the pleadings to determine whether there is a genuine issue of material fact. The moving party has the burden of establishing the absence of any triable issue, and the Court in considering the motion carefully scrutinizes the papers of the moving party and, on the whole, regards those of the opposing party with indulgence. This burden may be carried by movant by proving that an essential element of the opposing party's claim is nonexistent or by showing through discovery that the opposing party cannot produce evidence to support an essential element of his claim. If the moving party meets this burden, the party who opposes the motion for summary judgment must either assume the burden of showing that a genuine issue of material fact for trial does exist or provide an excuse for not so doing."

*Zimmerman v. Hogg & Allen,* 286 N.C. 24, 29, 209 S.E. 2d 795, 798 (1974). In the instant case, defendant presented evidence that it had inspected the brake system, but had discovered no defects. Plaintiff did not produce any evidence that defendant failed to use reasonable care in its inspection or that the specific, alleged defect was discoverable. Once defendant came forward with its evidence, it became incumbent for plaintiff to come forward with some specific evidence to support his claim, *Moore v. Fieldcrest Mills,* 296 N.C. 467, 251 S.E. 2d 419 (1979), and he could not rest upon the bare allegations in his complaint. *Haithcock v. Chimney Rock Co.,* 10 N.C. App. 696, 179 S.E. 2d 865 (1971). Moreover, plaintiff was required to prove the prior existence of some specific defect in the brake system, which was the proximate cause of his injury. *Wyatt v. Equipment Co.,* 253 N.C. 355, 117 S.E. 2d 21 (1960); *Coakley v. Motor Co.,* 11 N.C. App. 636, 182 S.E.

2d 260, *cert. denied,* 279 N.C. 393, 183 S.E. 2d 244 (1971). The affidavit of Walter Kivett is not sufficient. It merely alleges that there had been prior problems with the computer portion of the braking system. It does not intimate that a defect in the computer portion of the brake system was the immediate cause of brake failure and the proximate cause of plaintiff's injury. Plaintiff's allegations as to lack of reasonable maintenance of the brake system are deficient for the same reason. The truck was repaired only once for a problem with the brake system. The specific problem, the staying on of an anti-skid light, was remedied. Assuming, as we must, that reports were made concerning problems of the computer portions of the brake system, there is still no evidence that this defect was the proximate cause of plaintiff's injury or the brake's failure, as required. *See Funeral Home v. Pride,* 261 N.C. 723, 136 S.E. 2d 120 (1964); *Wyatt v. Equipment Co., supra; Coakley v. Motor Co., supra.*

The judgment is

Affirmed.

Judges MARTIN (Robert M.) and CLARK concur.