CHARLES F. TOMPKINS, ADMINISTRATOR OF THE ESTATE OF GARY F. LUZNAR, PLAINTIFF v. LOG SYSTEMS, INC., D/B/A LINCOLN LOG HOMES, INC., DEFENDANT

No. 8929SC270

(Filed 21 November 1989)

1. **Rules of Civil Procedure § 41.1 (NCI3d)— voluntary dismissal without prejudice—summary judgment for defendant denied in first action—granted in second**

The trial judge in a wrongful death action arising from the collapse of a log home kit was not foreclosed from considering defendant's summary judgment motion where another judge had denied defendant's summary judgment motion in the initial action, plaintiff took a voluntary dismissal without prejudice of that action, plaintiff then refiled his claim within the one-year time limit, and defendant again moved for summary judgment. The refiling began this case anew for all purposes; once refiled, the case must be considered on its merits without reference to the disposition of the prior action. N.C.G.S. § 1A-1, Rule 41(a)(1).

**Am Jur 2d, Dismissal, Discontinuance and Nonsuit §§ 23, 73.**

2. **Negligence § 29.2 (NCI3d); Death § 3.6 (NCI3d)— collapse of log home kit—summary judgment for defendant—improper**

Summary judgment was improperly granted for defendant in a wrongful death action arising from the collapse of a wall during construction of a log home kit where plaintiff presented expert opinion testimony that the wall collapsed because it was constructed significantly out-of-plumb and that the plans and diagrams furnished by defendant were totally lacking in instructions on how to assure the construction of a wall in

plumb, how to brace the wall during construction, and other safety-related matters. Viewed in the light most favorable to plaintiff, the forecast of evidence for the trial court presented an issue of material fact as to whether defendant was negligent in failing to provide complete instructions and whether such negligence led to faulty construction of the wall and caused its collapse.

**Am Jur 2d, Summary Judgment §§ 6, 27.**

APPEAL by plaintiff from *Lewis, Robert D., Judge.* Order entered 19 December 1988 in TRANSYLVANIA County Superior Court. Heard in the Court of Appeals 21 September 1989.

Defendant corporation manufactures and markets packaged log home kits to dealers and individual consumers. On 11 October 1982 plaintiff's decedent, Gary F. Luznar, was helping his father, Edward J. Luznar, Sr., construct a log home manufactured by defendant. He was installing subflooring material in the north end of the loft when a portion of the north gable wall collapsed and fell on him. Gary F. Luznar died as a result of the injuries he sustained. Plaintiff initiated a wrongful death action, alleging that Gary Luznar's death was caused by the negligence of defendant. After voluntarily dismissing his original action in December 1986, plaintiff refiled the present action in October 1987. From summary judgment in favor of defendant, plaintiff appeals.

*Averette & Barton, by H. Paul Averette, Jr., for plaintiff-appellant.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Russell P. Brannon and Michelle Rippon, for defendant-appellee.*

WELLS, Judge.

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment for two reasons: First, plaintiff asserts that the present action is substantially similar to the prior action which was voluntarily dismissed. Summary judgment in defendant's favor had been denied in that cause of action. Plaintiff also asserts that the evidence presented raises a genuine issue of material fact, including whether the negligence of defendant proximately caused the death of plaintiff's decedent.

**[1]** In his first assignment of error plaintiff contends that because summary judgment was denied by Judge Kirby in the original action on this claim, to uphold the grant of summary judgment by Judge Lewis in this subsequent action on the same claim impermissibly allows one superior court judge to overrule another on the same legal issue. *See, e.g., Smithwick v. Crutchfield,* 87 N.C. App. 374, 361 S.E.2d 111 (1987) (Ordinarily one superior court judge may not overrule the judgment of another superior court judge previously made in the *same* action.). (Emphasis added.) For the following reasons we disagree.

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1983 & Supp. 1988) specifically addresses how a voluntary dismissal by the plaintiff affects an action. Rule 41(a)(1) says in pertinent part: "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, . . . . If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, *a new action* based on the same claim *may be commenced* within one year after such dismissal . . . ." (Emphasis added.)

In this case plaintiff was granted a voluntary dismissal without prejudice of his original action. At that point it was as if the suit had never been filed. *Webb v. Nolan,* 361 F. Supp. 418 (M.D.N.C. 1972), *affirmed,* 484 F.2d 1049 (4th Cir 1973), *appeal dismissed,* 415 U.S. 903, 94 S.Ct. 1397, 39 L.Ed.2d 461 (1974). Plaintiff then refiled his claim within the one-year time limit established by the statute. Such refiling began this case anew for all purposes. Once refiled the case must be considered on its merits without reference to the disposition of the prior action. Therefore, Judge Kirby's ruling in the prior action did not foreclose Judge Lewis from considering defendant's summary judgment motion in this new action.

**[2]** The second issue presented for review is whether summary judgment in favor of defendant was appropriate on these facts. Summary judgment is properly granted where a movant has shown that there is no genuine issue as to a material fact and that they are entitled to a judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56 (1983 & Supp. 1988); *Hagler v. Hagler,* 319 N.C. 287, 354 S.E.2d 228 (1987). Our courts have traditionally held that summary judgment is rarely appropriate in negligence actions. *White v. Hunsinger,* 88 N.C. App. 382, 363 S.E.2d 203 (1988). However, a defendant may be granted summary judgment in a negligence

case if the forecast of evidence shows that there can be no recovery even if the facts claimed by the plaintiff are true. *Stoltz v. Burton*, 69 N.C. App. 231, 316 S.E.2d 646 (1984). Likewise, summary judgment is appropriate where it is clearly established that defendant's negligence was not the proximate cause of plaintiff's injury. *Street v. Moffitt*, 84 N.C. App. 138, 351 S.E.2d 821 (1987).

Plaintiff alleges that defendant was negligent in connection with the manufacture and sale of the log home kit in that defendant failed to (1) use reasonable care in selecting a design safe for the use for which it was intended; (2) make reasonable tests and inspections of the prepackaged home to discover latent hazards involved in the use of the product; and (3) provide adequate instructions for erection of the home, given the defendant's representation that the log home could be built as a "do-it-yourself" project. Plaintiff further contends that this alleged negligence, especially the failure to include adequate construction instructions, caused the north gable wall to be constructed "out of plumb" and this faulty construction led to the subsequent collapse of the wall onto plaintiff's decedent.

Plaintiff's forecast of evidence tended to show that Edward J. Luznar, Sr., father of the decedent, had attempted to construct the log home using only the help of his family, none of whom were skilled carpenters or builders. The defendant provided Edward Luznar with blueprints and a set of instructions concerning the sequence for assembling the logs. There were no additional instructions provided including information concerning how to secure the gables during construction. On his own initiative, Edward Luznar attempted to secure the north gable wall by nailing 2 × 4's to the wall and to the floor beams. On these facts a reasonable person could find that a log home company dealing in prepackaged kits for construction by nonprofessionals as well as professionals owes a duty to its customers to provide complete and detailed instructions covering all phases of the construction process.

Defendant contends that even if such allegations of negligence are accepted as true and the plans were somehow incomplete, plaintiff has failed to show that such negligence was the proximate cause of plaintiff's decedent's injury. Plaintiff's evidence in support of his contention that defendant's negligence was the proximate cause of Gary Luznar's death consists primarily of an affidavit by William O. Moser, a licensed general contractor and builder and dealer of log home packages. Edward Luznar, who was work-

TOMPKINS v. LOG SYSTEMS, INC.

[96 N.C. App. 333 (1989)]

ing near his son at the time the wall collapsed, was facing in the opposite direction and did not see the accident as it happened. Moser inspected Luznar's log home in August and September 1988. At that time he took measurements inside and outside of the north wall and north gable wall which had subsequently been re-erected. Moser states that his measurements reveal "that the north gable wall was noticeably 'out-of-plumb' by at least 1¼″ at a distance of 8′ above the first floor level. The wall continued to be out of plumb up to the gable peak, at 20′ above the first floor level." He also states that he inspected the plans and diagrams furnished by defendant to Edward Luznar and found them to be "totally lacking in instructions on how to assure the construction of a wall in plumb, how to brace the wall during construction and other safety-related matters." He concludes that a wall built out of plumb has a high probability of collapsing and that in his opinion the north gable wall collapsed because "the inadequacy of the plans, diagrams and instructions permitted the wall to be erected out-of-plumb and without proper bracing by a person unfamiliar with construction techniques as applied to log home construction."

Defendant, citing *Hubbard v. Oil Co.*, 268 N.C. 489, 151 S.E.2d 71 (1966), and *Smith v. Motors, Inc.*, 34 N.C. App. 727, 239 S.E.2d 608 (1977), contends that Moser's testimony as to the cause of the wall's collapse should be disregarded because it amounts to guess, conjecture, or speculation. We disagree. While both *Hubbard* and *Smith* can be distinguished from this case on the facts, it is more pertinent to note that both those cases were decided long before the enactment of our statutory Rules of Evidence in 1983.

Expert opinion testimony is admissible—and therefore pertinent—"[i]f the [expert's] scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue. . . ." N.C. Gen. Stat. § 8C-1, Rules of Evidence 702 (1988).

Viewed in the light most favorable to the plaintiff we cannot say that Mr. Moser's evidence amounts only to speculation. Moser indicated that his personal examination of the building, albeit six years after the collapse, revealed circumstances which established the cause of the collapse—namely, that the wall was constructed significantly out of plumb. The forecast of evidence before the trial court presented an issue of material fact as to whether defendants were negligent in failing to provide complete instructions

and whether such alleged negligence led to faulty construction of the wall and caused its subsequent collapse.

Reversed.

Judges JOHNSON and ORR concur.