**Peggy Pope PENLAND, Plaintiff,**

v.

**BIC CORPORATION, Defendant.**

**No. ST–C–91–14–P.**

United States District Court,
W.D. North Carolina,
Statesville Division.

June 25, 1992.

As Amended July 1, 1992.

---

John W. Andrews, Tampa, Fla., for plaintiff.

Keith A. Clinard, Winston–Salem, N.C., John Edwin Fisher and Frank M. Palmour, Orlando, Fla., for defendant.

## MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on the several Motions of the Parties. On 29 January 1992, Defendants moved for Summary Judgment. Plaintiff, on 12 March 1992, moved to reinstate Plaintiff's claim in strict liability. Subsequently, on 5 March 1992, Defendants moved to strike certain affidavits and other materials filed by Plaintiff in opposition to Defendant's Motion for Summary Judgment. In addition, on that same date, Defendant moved to conduct limited discovery into the conduct of Counsel for Plaintiff. On 16 March 1992, Defendant moved to strike additional materials submitted by Plaintiff. On 24 March 1992, Plaintiff filed with this Court a Motion for Relief from Court's December 6, 1991 Order. Subsequently, on 30 March 1992, Defendant filed another Motion to Strike. Then, on 8 April 1992, Plaintiff moved for leave to file certain exhibits in opposition to Defendant's Motion for Summary Judgment. On 24 April 1992, Defendant filed yet another Motion to Strike certain materials tendered by Plaintiff to the Court.

The Parties have briefed each of these Motions. Each Motion is now ripe for disposition. In the interest of clarity, the Court will address each Motion separately. However, because of the complex manner in which these Motions relate one to the other, the Court will address the Motions in an order other than the order in which they were filed. Such a method will allow the Court to avoid needless confusion and limit the issues presented for decision.

## BACKGROUND

Rather than closely review the substantive facts of this case at this juncture, the Court will provide only a cursory statement of those facts. However, the Court will note and discuss additional facts as those facts are pertinent to the issue then being addressed.

Sometime during the day of 11 March 1988, Peggy Pope Penland suffered severe burns. At the time of the accident, Penland was visiting the home of Lew Amburgey in Newton, North Carolina, County Seat of Catawba County, surely the most gentle and beautiful place on this earth, where the sky is always blue, and the grass is always green. Penland alleges the fire began as she used the bathroom and attempted to light a cigarette with a BIC lighter. Penland describes the accident as an "explosion."

At the time of the fire, Penland had on a blouse, a bulky sweater, and pants. The fire completely burned away most of Penland's blouse and sweater. In addition, Penland's ears, chin, lips, breasts, hands and fingers were either totally or partially burned away.

Other than Penland, no one witnessed the fire. Immediately after the fire, Penland made her way from the bathroom to the front room of the Amburgey home. She there sought aid from Mr. Amburgey, who was asleep. Upon waking, Mr. Amburgey called for help from nearby neighbors. Police and Medical personnel soon arrived. After providing emergency treatment, the local rescue squad carried Penland to Catawba Memorial Hospital.

Various law enforcement officials responded to the fire. As part of their investigation, these officials searched the Amburgey residence for evidence regarding the cause of the fire. At least one other person, a neighbor, also searched the

house. Despite these searches, it is undisputed that no one found any exploded lighter or part of an exploded lighter. However, at least two people who had access to the house remember seeing other, undamaged lighters.

## ANALYSIS

As noted above, the Parties have filed several Motions in this action. Of these, several are more procedural than substantive in nature. Because these Motions relate to the Court's consideration of Defendant's Motion for Summary Judgment, the Court will begin its analysis with these Motions.

### 1. Plaintiff's Motion to Reinstate Strict Liability Claim

■ On 11 April 1991, Defendant moved this Court to dismiss Plaintiff's strict liability claim. In support of its Motion, Defendant noted that North Carolina does not recognize a strict liability cause of action in a products liability action. Plaintiff did not respond to Defendant's Motion. Accordingly, on 21 May 1991, this Court granted Defendant's Motion to Dismiss. This Court will not now allow Plaintiff to reopen an issue already decided. Plaintiff has offered no justification or explanation for her failure to earlier oppose Defendant's Motion. Basic fairness dictates against Plaintiff's efforts to now argue this issue. Moreover, as this Court found in its Order of May 1991, Plaintiff's strict liability claim is without substantive merit. Accordingly, this Court will today deny Plaintiff's Motion to Reinstate.

### 2. Defendant's Motion to Strike filed 5 March 1992

The progress of this action has been marked by repeated disputes between Counsel for Plaintiff and Counsel for Defendant regarding a variety of issues. As a result, this Court has been called upon to issue numerous Orders controlling the conduct of this action. In addition, this Court has been forced to sanction Counsel for Plaintiff for his seeming unwillingness to obey the Orders of this Court or the Federal Rules of Civil Procedure.

On 18 February 1992, Plaintiff filed with this Court the affidavits of Peggy Pope Penland, Leighton E. Sissom, and Jesse H. Meredith. On 20 February 1992, Plaintiff filed the affidavit of David Campbell. At that same time, Plaintiff also filed a variety of other supporting materials. Defendant contends these affidavits and other materials are improperly before the Court; accordingly, Defendant moves to strike these documents.

■ In support of its Motion, Defendant notes that on 6 December 1991, this Court entered a lengthy Order imposing sanctions upon Counsel for Plaintiff and Plaintiff for, in part, Plaintiff's failure to comply with Defendant's discovery requests and an Order of this Court. The Order of the Court entered 6 December 1991 provided in pertinent part: "Plaintiff shall be precluded from presenting at trial ... the testimony of any witness who has not been properly identified, including any expert witness whose opinions and basis for opinions have not been fully and properly set forth in Plaintiff's discovery responses to date ... any facts and documents [not properly disclosed]." *Penland v. Bic Corp.*, No. ST–C–91–0014–P (W.D.N.C. Dec. 6, 1991) (order imposing sanctions). Defendant contends the documents filed in February of 1992 by Plaintiff are within the prohibition contained in this Court's Order of 6 December 1991. Further, Defendant contends the filed affidavits are speculative and inconsistent with earlier statements of the affiants. Defendant also contends that certain items of the documentary evidence (e.g., photographs of Penland, newspaper articles) are irrelevant and inadmissible. On 24 March 1992, Plaintiff filed a two paragraph response to Defendant's objections. In its entirety, that response reads:

Plaintiff submits that she should be promptly allowed to present the affidavits of Dr. Jesse Meredith, Dave Campbell, Peggy Penland, Leighton Sissom and other affidavits which have been filed based on the newly discovered facts of all the opinions coming together.

As to the copies of the newspaper articles and other similar consumer complaints, since they had not been produced in request for discovery from Plaintiff and Bic was fully aware of them and was on notice and the only issue they are provided for is for notice of the dangerousness and go to the issue of warning and punitive damages, they are properly submitted before the Court.

Response of Plaintiff at 1. Plaintiff does not dispute that the affidavits in question are in contravention of this Court's Order of 6 December 1991. Nor does Plaintiff dispute that the affidavits contain speculation and statements that are clearly inconsistent with prior statements of the affiants.

The Court has reviewed the affidavits. Having done so, the Court finds that the affidavits do contain purported expert opinion not previously disclosed to Defendant. Further, the Court can ascertain no reason why such opinion was not disclosed as required by the Federal Rules of Civil Procedure. Moreover, the Court notes that the affidavits consist of little more than speculation. Accordingly, the Court will today grant Defendant's Motion to strike these affidavits and will not consider them in weighing Defendant's Motion for Summary Judgment.

■ In addition, the Court finds that the newspaper articles and other consumer complaints submitted by Plaintiff are likewise improperly before the Court. These items were not disclosed to Defendants. Further, Plaintiff has made no effort to authenticate these documents. Given this, such documents will not be considered by this Court.

### 3. Defendant's Motion to Strike filed 16 March 1992

On 6 March 1992, Plaintiff filed the affidavits of Reba C. Wellborn, Ramona Boroff, and John Geremia. In addition, Plaintiff filed portions of the deposition of Noreen Ann Russo, and copies of advertisements and certain transcripts. Plaintiff filed all of this material in opposition to Defendant's Motion for Summary Judg-

ment. Defendant, on 16 March 1992, filed an Objection to these materials and moved that they be stricken from the record. Defendant also moved that Counsel for Plaintiff be sanctioned.

In support of its Motion, Defendant again relies on the Order of this Court entered 6 December 1991. Further, Defendant notes that this Court struck certain "Supplemental Witness Lists" produced by Plaintiff as a result of Plaintiff's failure to comply with Defendant's discovery requests. *Id.*, (W.D.N.C. Dec. 3, 1991) (order striking supplemental witness lists).

Defendant contends Plaintiff is now disregarding or attempting to circumvent Court's Orders of 3 December 1991 and 6 December 1991. Defendant contends the materials filed by Plaintiff on 6 March 1992 are squarely within the category of information excluded by this Court. In particular, Defendant asserts that Plaintiff did not disclose Reba C. Wellborn, Ramona Boroff, John Geremia, and Noreen Ann Russo as witnesses to Defendant, that the documentary materials were not disclosed, and that Reba C. Wellborn and Ramona Boroff were on the stricken "Supplemental Witness Lists." Moreover, Defendant contends the evidence offered by these affiants is substantively inadmissable. On 24 March 1992, Plaintiff filed a response to Defendant's Motion to Strike. Plaintiff's response consisted largely of an argument against this Court's Order of 6 December 1991 and contained no persuasive justification for the admission of the challenged materials.

The Court has considered these materials and finds that Defendant correctly contends admission of these affidavits and other materials is precluded by the Court's Orders of 3 December 1991 and 6 December 1991. Plaintiff has failed to demonstrate otherwise. As such, this Court will today grant Defendant's Motion to Strike.

■ Defendant has also moved for the entry of sanctions against Counsel for Plaintiff. The Court has considered this Motion. Having done so, the Court finds that Counsel has again disregarded his obli-

gations as an Officer of the Court. In its Order of 6 December 1991, this Court noted:

> Counsel for Plaintiff has repeatedly failed to comply with either the Rules of Federal Procedure of the Order of this Court. The Court believes Counsel for Plaintiff is consciously disregarding obligations imposed upon him by this Court. The Court stresses that the sanctions to be imposed upon Counsel for Plaintiff are not meant to punish Plaintiff, but are meant to ensure future compliance by Plaintiff's Counsel with orders of this Court and the Federal Rules of Civil Procedure.

*Id.* (W.D.N.C. Dec. 6, 1991) (order imposing sanctions). Counsel for Plaintiff has again acted in a manner inconsistent with the proper expectations of this Court and fellow members of the bar. As such, additional sanctions against Counsel for Plaintiff are warranted. However, the Court believes that given its disposition of this case, additional sanctions would be ill advised. Accordingly, the Court will not impose sanctions upon Counsel for Plaintiff.

### 4. Defendant's Motion to Strike filed 30 March 1992

On 20 March 1992, Plaintiff filed her own subsequent affidavit, and on 19 March 1992 and 17 March 1992, she filed affidavits of Leighton E. Sissom and Patrick J. McGinley. Defendant has objected to the submission of these affidavits. Upon the same reasoning as set out above, the Court will grant Defendant's Motion to Strike these affidavits.

### 5. Defendant's Motion to Strike filed 24 April 1992

█ On 10 March 1992, this Court entered an Order denying Plaintiff's Motion for Leave to File the Affidavit of Dr. Robert J. Cunitz and for Leave to Add Dr. Cunitz to Plaintiff's Expert Witness List. Thereafter, on 22 April 1992, Plaintiff filed the Affidavit of Leighton E. Sissom. That affidavit provided in pertinent part: "I have reviewed the affidavit and attachments of Dr. Robert Cunitz that was dated February 8, 1992. I agree with his opin-

ions." Affidavit of Leighton E. Sissom. On 24 April 1992, Defendant objected to the filing of this affidavit.

This affidavit of Dr. Sissom is a flagrant attempt to circumvent the Court's Orders of 10 March 1992 and 6 December 1991. The Motion of Defendant to Strike will be granted. However, Defendant's Motion for Sanctions will be denied.

### 6. Plaintiff's Motion for Relief from Court's Order of 6 December 1991

As has been noted above, this Court on 6 December 1991, entered an Order regarding the conduct of this case by Counsel for Plaintiff. On that date, this Court prohibited Plaintiff from submitting certain evidence and sanctioned Counsel for Plaintiff. Plaintiff now seeks relief from that Order.

█ Defendants have repeatedly called upon this Court to sanction Counsel for Plaintiff. The Court has repeatedly noted its belief that Counsel for Plaintiff has intentionally chosen to disobey the Orders of this Court and the Federal Rules of Civil Procedure. This Court has entered at least four Orders that respond to the improper actions of Counsel for Plaintiff. This Court cannot ignore Counsel's repeated abuses. As such, this Court will not grant Plaintiff's Motion for Relief.

### 7. Defendant's Motion to Conduct Discovery

On 5 March 1992, Defendant moved to conduct limited discovery into the conduct of Counsel for Plaintiff. Defendants contend Plaintiff's Counsel improperly attempted to sway the opinions and affidavit testimony of several possible witnesses. The Court sees no need for Defendant to conduct this discovery. The Court has today ordered that it will not consider the very affidavits Defendant contend are tainted by Counsel's misconduct. As such, there is no need to further sanction Counsel for Plaintiff. Correspondingly, there is no need for Defendant to conduct additional discovery.

### 8. Plaintiff's Motion for Leave to File Exhibits

On 8 April 1992, Plaintiff moved this Court for leave to file three proposed exhibits in opposition to Defendant's Motion for Summary Judgment. These exhibits consist of reports and photographs relating to the February 1991 death of William Foley in Kansas City, Missouri. Foley's died in a fire apparently caused by a malfunctioning cigarette lighter. Defendant opposes filing of these exhibits on several grounds. First, Defendant asserts these materials were never disclosed to Defendant. Second, Defendant asserts these materials are inadmissible hearsay.

The Court finds Defendants contentions to be correct. As such, Plaintiff will not be allowed to file the proposed exhibits.

### 9. Defendant's Motion for Summary Judgment

Plaintiff's Complaint states six separate causes of action: negligence, negligent failure to warn, breach of express warranty, breach of implied warranty, gross negligence, and strict liability. This Court, on 21 May 1991, dismissed Plaintiff's strict liability claim. As such, only Plaintiff's remaining claims are now before the Court. Defendant has moved for summary judgment as to each of those claims.

Summary judgment is appropriate when the pleadings, responses to discovery, and the record reveal that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *See* Rule 56(c) of the Federal Rules of Civil Procedure. The party moving for summary judgment has the initial burden of showing that no genuine issue of any material fact exists and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After the moving party has met its burden, the non-moving party must come forward with specific facts showing that evidence exists to support its claims and that a genuine issue for trial exists. *Id.; Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see* F.R.Civ.P. 56(e) (in response to motion for summary judgment, "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial"). When considering motions for summary judgment, courts must view facts and inferences in the light most favorable to the party opposing the motion for summary judgment. *Matsushita,* 475 U.S. at 587–88, 106 S.Ct. at 1356; *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). When, however, the evidence from the entire record could not lead a rational fact-finder to find for the non-moving party, no genuine issue for trial exists and summary judgment is appropriate. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356. Further, as this is a diversity case arising in North Carolina, the law of this state governs the substantive rights of the Parties. *Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

In this products liability action, as in other negligence actions, Plaintiff must show the Defendant owed her a duty, that Defendant breached that duty, that Defendant's breach injured her, and that Defendant's negligence caused her damages. *Crews v. W.A. Brown & Son, Inc.,* 106 N.C.App. 324, 416 S.E.2d 924 (1992). It is not enough for Plaintiff to show she was burned in a fire; negligence cannot be presumed from the mere fact of an accident or injury. *Harward v. General Motors Corp.,* 235 N.C. 88, 92, 68 S.E.2d 855 (1952). Rather, Plaintiff must show that the lighter manufactured by Defendant was defective at the time it left defendant's plant, and that defendant was negligent in its design of the lighter, in its selection of materials, in its assembly process, or in its inspection of the product. *See Jolley v. General Motors Corp.,* 55 N.C.App. 383, 385, 285 S.E.2d 301 (1982); *Cockerham v. Ward,* 44 N.C.App. 615, 619, 262 S.E.2d 651, *disc. rev. denied,* 300 N.C. 195, 269

S.E.2d 622 (1980). Plaintiff must make these showings with evidence sufficient to "establish, beyond mere speculation or conjecture, every essential element of negligence." *Jolley*, 55 N.C.App. at 385, 285 S.E.2d 301. Further, to recover for a breach of implied warranty, Plaintiff must demonstrate that the lighter was subject to an implied warranty of merchantability, that the lighter did not comply with that warranty in that it was defective when sold, that the lighter caused her injuries, and that she suffered damages as a result. *Id.* at 385–86, 285 S.E.2d 301.

■ Here, it is undisputed that Plaintiff cannot produce the allegedly defective lighter manufactured by Defendant. Plaintiff has offered all manner of speculation regarding the disappearance of the lighter, but her speculation is unavailing: there is no lighter. As such, Plaintiff is forced to rely on circumstantial evidence. Plaintiff's proffered evidence, taken in the light most favorable to her, demonstrates that she attempted to light a cigarette with a BIC lighter, that the lighter somehow malfunctioned, and that she was then engulfed in flames. Deposition of Peggy Pope Penland at 135–40. Where, as here, a plaintiff must rely on circumstantial evidence, he must:

> establish negligence and proximate cause as a reasonable inference from the facts *proved* and not circumstances which raise a mere conjuncture or surmise ... The plaintiff is required to offer *legal evidence* tending to establish beyond a mere speculation or conjecture every essential element of negligence, and upon failure to do so, nonsuit is proper. And in this connection, whether or not there is enough evidence to support a material issue is a question of law.

*Jackson*, 255 N.C. 194, 196, 120 S.E.2d 540 (citations omitted) (emphasis added). Thus, it is for this Court to determine whether Plaintiff has come forward with evidence sufficient to defeat Defendant's Motion for Summary Judgment. In the considered judgment of this Court, Plaintiff has failed to meet her burden.

Plaintiff could not prevail at trial because she cannot produce the allegedly defective lighter. As such, neither she nor her experts could offer more than "mere speculation or conjecture" as to the cause of the fire. Without the lighter, she cannot prove that the particular lighter she used was defective. Accordingly, she cannot prove one of the essential elements of a successful negligence or products liability claim. *See Jolley*, 55 N.C.App. at 386, 285 S.E.2d 301 ("assuming arguendo that the tire did blow out or come off the rim, this fact standing alone is not sufficient to show that the vehicle or ... tire ... was defective when it left defendant's plant, that defendant was negligent in the design of the automobile, its selection of materials, its assembly process, or its inspection"); *Spivey v. White Motor Corp.*, 46 N.C.App. 313, 315, 264 S.E.2d 772 (1980) ("plaintiff was required to prove the prior existence of some specific defect in the brake system, which was the proximate cause of his injury"). Moreover, Defendant could not disprove the existence of a defect. Without the lighter, there is no competent evidence upon which either Plaintiff's or Defendant's experts could form an opinion as to defect or absence of defect. *Smith v. Lumberton Motors, Inc.*, 34 N.C.App. 727, 729, 239 S.E.2d 608 (1977) ("expert witness may not supply [cause of fire] not in evidence and beyond the personal knowledge of the expert, under the guise of an expert opinion"); Fed.R.Evid. 702 (expert witness may testify only where specialized knowledge will assist trier of fact). Here, as in *Smith*, there is evidence of a destructive fire, but no competent evidence as to what caused the fire[1]. As such, here,

1. The Court notes that it has excluded much of the evidence proffered by Plaintiff. However, the Court's rulings, made in response to Plaintiff's failure to comply with the Orders of this Court and the Federal Rules of Civil Procedure, do little to harm Plaintiff's case. Much of the proffered evidence consisted of little more than gross speculation and could have been excluded on that basis alone. Further, Plaintiff's evidence regarding other, allegedly similar occurrences has also been excluded by the Court. Again, however, even were this evidence to come in, it simply is not persuasive. Evidence that some BIC lighters have malfunctioned does nothing to prove that Plaintiff's BIC lighter was

as in *Smith*, judgment for Defendant is appropriate. Further, it is true also that what the Court has said "with respect to a lack of evidence of negligence on the part of defendant applies equally to a lack of evidence of breach of implied warranty". *Jolley*, 55 N.C.App. at 386, 285 S.E.2d 301; *Stiles v. Chloride, Inc.*, 668 F.Supp. 505, 508 (W.D.N.C.1987), *aff'd*, 856 F.2d 187 (4th Cir.1988).

Upon the above reasoning, Plaintiff's claims for negligence and breach of implied warranty could not be proven at trial. As such, summary judgment for Defendant is appropriate as to those claims. Further, because Plaintiff cannot go forward on either her negligence claim or her breach of implied warranty claim, her other claims must fail as well. The Court has today found that Plaintiff could not prove the most elemental of her claims. If she cannot prove the existence of a defect in the product of Defendant, she cannot prove failure to warn of a non-existent defect, she cannot prove express warranties made against that defect, and, if she cannot prove simple negligence, she cannot prove gross negligence. As such, summary judgment may properly be granted Defendant upon all of Plaintiff's claims.

### CONCLUSION

Seldom comes before this Court a more heart-wrenching case; no feeling person could not pity Peggy Pope Penland. However, this Court cannot ignore the law merely because a fellow human has suffered grievous injury. The Court has considered carefully the Motions pending before it and has rendered its decision on each. Having done so, the Court finds that Plaintiff could not succeed at trial. As such, the Motion of Defendant for Summary Judgment is meritorious.

NOW, THEREFORE, IT IS ORDERED that:

1. The Motion of Plaintiff to Reinstate Plaintiff's Strict Liability Claim be, and hereby is, DENIED;

defective. *Stiles v. Chloride, Inc.*, 668 F.Supp.

2. The Motion of Defendant to Strike, filed 5 March 1992, be, and hereby is, GRANTED;

3. The Motion of Defendant to Strike, filed 16 March 1992, be, and hereby is, GRANTED. The Motion of Defendant for Sanctions be, and hereby is, DENIED;

4. The Motion of Defendant to Strike, filed 30 March 1992, be, and hereby is, GRANTED;

5. The Motion of Defendant to Strike, filed 24 April 1992, be, and hereby is, GRANTED. The Motion of Defendant for Sanctions be, and hereby is, DENIED;

6. The Motion of Plaintiff for Relief be, and hereby is, DENIED;

7. The Motion of Defendant to Conduct Discovery be, and hereby is, DENIED;

8. The Motion of Plaintiff for Leave to File Exhibits be, and hereby is, DENIED; and

9. The Motion of Defendant for Summary Judgment be, and hereby is, GRANTED.